UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

WESTERN DIVISION

| | |
|---|---|
| PAULA A. KRAUSE,<br>    Plaintiff<br><br>V.<br><br>DONALD S. ROBINSON, Individually and<br>in His Official Capacity as a Police Officer<br>for the Town of Greenfield Police<br>Department<br><br>WILLIAM GORDON, Individually and<br>in His Official Capacity as a Police Officer<br>for the Town of Greenfield Police<br>Department<br><br>DAVID W. RICE, Individually and<br>in His Official Capacity as a Police Officer<br>for the Town of Greenfield Police<br>Department<br><br>DAVID McCARTHY, in His Official<br>Capacity as Chief of Police for the Town of<br>Greenfield Police Department | CIVIL ACTION NO: 04-30023-MAP |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. JURISDICTION**

1.   This is an action under the Federal Civil Rights Act, 42 U.S.C. Sections 1983 and 1988. The Court has jurisdiction pursuant to 28 U.S.C. Sections 1331 and 1334. The plaintiff further invokes the pendent jurisdiction of this Court to consider the claims arising under state law sounding in tort, the Massachusetts Tort Claims Act, Mass. Gen. Laws, ch. 258, sec. 4, and the Declaration of Rights of the Massachusetts Constitution.

2. There exists between the parties an actual controversy justiciable in nature.

## II. PARTIES

3. The plaintiff, Paula A. Krause, has at all times relevant to the allegations of this Complaint been a resident of the Town of Athol, in the Commonwealth of Massachusetts.

4. The defendant, Donald S. Robinson, has at all times relevant to the allegations of this Complaint been a police officer, acting under color of law as an agent/employee for the Town of Greenfield Police Department, in the Commonwealth of Massachusetts.

5. The defendant, William Gordon, has at all times relevant to the allegations of this Complaint been a police sergeant, acting under color of law as an agent/employee for the Town of Greenfield Police Department, in the Commonwealth of Massachusetts.

6. The defendant, David W. Rice, has at all times relevant to the allegations of this Complaint been a police officer, acting under color of law as an agent/employee for the Town of Greenfield Police Department, in the Commonwealth of Massachusetts.

7. The defendant, David McCarthy, in his official capacity has at all times relevant to the allegations of this Complaint been the Chief of Police, acting under color of law as an agent/employee for the Town of Greenfield, in the Commonwealth of Massachusetts. In his official capacity as Chief of Police of the Town of Greenfield Police Department, David McCarty was the principal law enforcement administrator for the Town of Greenfield, and, as such, was at all times relevant to the allegations of this Complaint, responsible for the practices, customs and policies of the Town of Greenfield

Police Department and all of its individual members, including adequate training, supervising, investigating, and disciplining of police officers and other supervisory officials.

### III. STATEMENT OF FACTS

8.  On February 5, 2001, plaintiff Paula Krause was 29 tears old and holding two jobs in the Town of Greenfield.

9.  On the evening of February 5, 2001, plaintiff Krause was working as a bartender at Albertis Restaurant, 94 Main Street, Greenfield, Massachusetts.

10.  At approximately 10:30 pm on February 5, 2001 plaintiff Krause was informed by her employer that she could close the restaurant and go home due to the snow storm that was in progress in the Greenfield area.

11.  After closing up the restaurant and preparing to exit the building plaintiff Krause observed a tow truck pull up in front of 94 Main Street. Upon exiting the building plaintiff Krause observed Darryl Kimplin of Koch's Automotive getting out of a flat bed tow truck. Upon exiting the tow truck Mr. Kimplin said to plaintiff Krause "[o]h brother, don't tell me this is your truck." Plaintiff Krause responded that the pick up truck lawfully parked in front of 96 Main Street was hers and that she was leaving. Plaintiff Krause then stepped into the doorway of 94 Main Street and set the alarm for the restaurant. Plaintiff Krause then went to her truck, started the engine and began clearing snow off of the truck.

12.  Mr. Kimplin approached plaintiff Krause and told her that she needed to pay him the tow fee because he responded to tow her pickup truck. Plaintiff Krause told Mr. Kimplin that she did not have the fee.

13. Defendant Officer Donald Robinson of the Greenfield Police Department arrived on the scene shortly thereafter.

14. Upon arriving at 96 Main Street, defendant Robinson observed a flat bed tow truck from Koch's Automotive and a pickup truck parked in front of 96 Main Street. defendant Robinson exited his cruiser and spoke with the tow truck operator, Darryl Kimplin. Mr. Kimplin relayed to defendant Robinson that he had a short conversation with the owner of the pickup truck plaintiff Krause.

15. Defendant Robinson approached plaintiff Krause who was removing snow from her pickup truck with a broom. Plaintiff Krause did not acknowledge defendant Robinson as he spoke to her.

16. Defendant Robinson told plaintiff Krause that the tow truck operator needed to get his fee for coming out for a tow. Plaintiff Krause responded to defendant Robinson by telling him that she did not have the fee and to bill her boss.

17. Defendant Robinson then instructed Mr. Kimplin to hook up the pickup truck and that the pickup truck was in the possession of the tow company.

18. Mr. Kimplin then got into his tow truck and began to turn the tow truck around. In the process of turning around in the Brooks parking lot across the street from 96 Main Street, the tow truck got stuck in the snow.

19. As the tow truck was turning around, defendant Robinson went to his cruiser to get his jacket. As defendant Robinson was returning from his cruiser, he observed plaintiff Krause go around the pickup truck, enter the driver's door and put the truck into reverse.

20. As the pickup truck was backing out of the parking space, defendant Robinson began running towards the pickup truck yelling "shut off the truck". Defendant Robinson was twenty five feet away when he yelled for plaintiff Krause to shut off the pickup truck. Plaintiff Krause did not see or hear defendant Robinson as she backed out of the parking space.

21. As plaintiff Krause was backing her truck out through the large snow bank behind her truck, defendant Robinson continued approaching the plaintiff's truck in a quick manner. Defendant Robinson was approaching the driver's side rear quarter panel as plaintiff Krause exited the parking space backing out in a counter clockwise manner.

22. As defendant Robinson approached the pickup truck quickly, it appeared to him, that the driver's side of the truck was coming in his direction and he may be struck by the driver's side of the pickup truck. Defendant Robinson extended his hands out and placed them on the driver's side of the pickup truck and pushed himself away from the moving pickup truck.

23. After coming to a stop, plaintiff Krause proceeded to slowly go forward heading west on Main Street. As plaintiff Krause began to slowly drive West on Main Street, defendant Robinson jumped in front of plaintiff Krause's moving pick up truck.

24. Plaintiff Krause then slammed on her brakes and her pick up truck slid for a short distance to a stop.

25. As the pick up truck was coming to a stop defendant Robinson began slamming his hands down on the hood of the pick up truck and was yelling. Defendant Robinson was out of control as he was yelling and slamming his hands down on the hood of plaintiff's pick up truck.

26. Defendant Robinson then spoke into his radio then motioned for a plow truck to pull up behind him. Plaintiff Krause remained in the driver's seat of the running pick up truck.

27. While plaintiff Krause sat in the driver's seat of her pick up truck, defendant Rice arrived on the scene.

28. Defendant Rice began banging on the driver's windows of plaintiff Krause's pick up truck. There were several different police officers banging on the windows of the pick up truck. All of the officers were yelling at plaintiff Krause.

29. Defendant Gordon then arrived on the scene and approached the plaintiff's pick up truck. Defendant Robinson told defendant Gordon that the plaintiff Krause was under arrest for failing to stop. Defendant Gordon threatened to break the window of plaintiff's pick up truck.

30. Plaintiff Krause put the pick up truck into park, shut the engine off and removed the keys from the ignition.

31. Plaintiff Krause was extremely hesitant and afraid of the defendant officers who continued to yell at her. Plaintiff Krause was afraid to exit her pick up truck and did not know what to do. As plaintiff Krause reached to roll her window down, defendant Gordon ordered that the driver's side window of the pickup truck be broken. Defendant Rice then used a window punch type tool to shatter the driver's side window of plaintiff Krause's pick up truck. As the glass from the window shattered and was strewn throughout the passenger compartment of plaintiff's pick up truck, plaintiff Krause covered her face with her hands.

32. The defendants Rice, Gordon and Robinson began grabbing plaintiff Krause. Mace was then applied to the plaintiff Krause's face three times. The passenger side window of the plaintiff's pick up truck was then shattered. Plaintiff Krause yelled "[i]s this necessary?"

33. Plaintiff Krause was then forcefully removed from the pick up truck. Handcuffs were applied to plaintiff Krause's wrists in an extremely tight fashion. Plaintiff Krause was then dragged by the arms across the street and thrown up against a police cruiser. Plaintiff Krause's arms were jerked up towards the roof of the cruiser as an officer yelled "spread them" and kicked plaintiff Krause's left ankle. Plaintiff Krause almost fell as a result of being kicked. Plaintiff Krause was then searched and told that she was under arrest.

34. Plaintiff Krause was then thrown into the back of a cruiser and sat and watched as officers rifled through the interior of her pick up truck.

35. Plaintiff Krause was then transported to the Greenfield Police Department. After being booked in plaintiff Krause was placed into a cell and denied medical treatment for the injuries she received during this incident.

36. While in the cell, plaintiff Krause could hear defendants Robinson, Gordon and/or Rice talking about what they had done in a joking manner. After waiting in a cell for a period of time plaintiff Krause was bailed out and taken to the Athol Memorial Hospital where she received treatment for injuries to her eyes caused by flying glass and the application of mace.

37. On or about February 3, 2003, plaintiff through counsel mailed and delivered by hand a Notice/Demand letter pursuant to Mass. Gen. Laws, ch. 258 to the

appropriate Town of Greenfield officials. More than six months have passed since the receipt of this Notice/Demand. The Town of Greenfield through its insurance carries has denied any liability in this matter.

## IV. CAUSES OF ACTION

### COUNT I: ILLEGAL ARREST AND UNLAWFUL IMPRISONMENT

38. The plaintiff hereby incorporates by reference the allegations of Paragraphs 1 through 37 of this Complaint as though fully set forth herein.

39. As a direct and proximate result of the malicious, wanton and willful acts of defendant Police Officer Robinson, defendant Police Officer Rice and defendant Sergeant Gordon, acting under color of law, plaintiff Krause was intentionally and unlawfully arrested and confined without her consent and without probable cause, and thereby was deprived of rights guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution and the Declaration of Rights of the Massachusetts Constitution. The plaintiff Krause was also damaged in her reputation, embarrassed, prevented from engaging in her usual activities, and caused to endure pain, suffering and mental anguish.

40. The plaintiff Krause is thereby entitled to damages under the Fourth and Fourteenth Amendments to the United States Constitution, 42 U.S.C. sections 1983 and 1988, the Declaration of Rights of the Massachusetts Constitution, Mass. Gen. Laws, ch. 12, sec. 11I, and under Massachusetts common law for false arrest and false imprisonment.

### COUNT II: EXCESSIVE FORCE, HARRASSMENT AND INTIMIDATION

41. The plaintiff hereby incorporates by reference the allegations of Paragraphs 1 through 37 of this Complaint as though fully set forth herein.

42. As a direct and proximate result of the reckless, grossly negligent, malicious, wanton and/or willful acts of defendant Police Officer Robinson, defendant Police Officer Rice and defendant Sergeant Gordon, acting under color of law, the defendant by their use of excessive, illegal and unjustified force in making an arrest, deprived plaintiff Krause of her rights, privileges and immunities as guaranteed by the United States Constitution as follows:

   a. the plaintiff was deprived of her rights to be free of physical abuse, coercion and intimidation in violation of the First, Fourth and Fourteenth Amendments to the United States Constitution;

   b. the plaintiff was deprived of her rights to be free from summary punishment as guaranteed by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution; and

   c. the plaintiff was deprived of her rights to due process of law, in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

43. The plaintiff is thereby entitled to damages under the United States Constitution, 42 U.S.C. sections 1983 and 1988, the Declaration of Rights of the Massachusetts Constitution, and Mass. Gen. Laws, ch. 12, sec. 11I.

**COUNT III: ASAULT AND BATTERY**

44. The plaintiff hereby incorporates by reference the allegations of Paragraphs 1 through 37 of this Complaint as though fully set forth herein.

45. The defendant Police Officer Robinson, defendant Police Officer Rice and defendant Sergeant Gordon did unlawfully commit an assault and battery against the plaintiff Krause in violation of Massachusetts common law.

**COUNT IV: CONSPIRACY TO VIOLATE CIVIL RIGHTS**

46. The plaintiff hereby incorporates by reference the allegations of Paragraphs 1 through 37 of this Complaint as though fully set forth herein.

47. As a direct and proximate result of the malicious, wanton and willful acts of defendant Police Officer Robinson, defendant Police Officer Rice and defendant Sergeant Gordon, acting under color of law, who separately, in concert and in agreement with each other, conspired to deprive the plaintiff of her federal and state civil rights as follows:

   a. by conspiring to violate plaintiff's Fourth Amendment Rights, and rights secured to the plaintiff by Articles I and XIV of the Declaration of Rights of the Massachusetts Constitution;

   b. by conspiring to engage in the cover up of the illegal arrest and imprisonment;

   c. by conspiring to engage in a malicious and retaliatory campaign of public defamation directed at the plaintiff, and otherwise abusing process.

48. The plaintiff is thereby entitled to damages and relief pursuant to 42 U.S.C. sections 1983 and 1988.

**COUNT V: ABUSE OF PROCESS**

49. The plaintiff hereby incorporates by reference the allegations of Paragraphs 1 through 37 of this Complaint as though fully set forth herein.

50. As a direct and proximate result of the deliberate and intentional acts of defendant Police Officer Robinson, defendant Police Officer Rice and defendant Sergeant Gordon, acting under color of law, the plaintiff was damaged by the defendants when they acted with malice and without legal justification, and otherwise used the lawful authority invested in them as police officers to accomplish an unlawful purpose to wit: to collect an alleged debt on behalf of a private entity; and the initiation of criminal proceedings against plaintiff with the intention of securing her conviction for any, or all of the following purposes: (1) to cover up the illegal arrest and imprisonment; (2) to protect themselves from civil and criminal liability; and (3) to frustrate the plaintiff from pursuing the legal remedies available to her as guaranteed by the United States and Massachusetts Constitutions, and federal and state law.

51. Plaintiff is thereby entitled to damages under state common laws against abuse of process.

**COUNT VI: RECKLESS AND/OR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

52. The plaintiff hereby incorporates by reference the allegations of Paragraphs 1 through 37 of this Complaint as though fully set forth herein.

53. As a direct and proximate result of the acts of defendant Police Officer Robinson, defendant Police Officer Rice and defendant Sergeant Gordon, the plaintiff did suffer severe emotional distress, pain and suffering, mental anguish, humiliation and embarrassment of such severity and nature that no reasonable person could or should be expected to endure. The defendants knew or should have known that their acts would

cause such emotional distress, pain and suffering, mental anguish, humiliation and embarrassment. Further, said emotional distress, pain and suffering, mental anguish, humiliation and embarrassment was reckless and/or intentionally inflicted.

### COUNT VII: UNCONSTITUTIONAL POLICY OR CUSTOM/GROSS NEGLIGENCE

54. The plaintiff hereby incorporates by reference the allegations of Paragraphs 1 through 37 of this Complaint as though fully set forth herein.

55. The defendant Chief of Police McCarthy, acting in his official capacity as Chief of Police of the Town of Greenfield Police Department, through its officers and/or agents, and pursuant to an unconstitutional custom or policy, has failed to adequately train, supervise, investigate, control and discipline Greenfield Police Officers. This deliberate indifference has been grossly negligent amounting to deliberate indifference to the rights of citizens.

56. With the knowledge of and under the direction of defendant Chief of Police McCarthy acting in his official capacity, the Greenfield Police Department and its individual members, acting under color of law, have engaged in a pattern of conduct which was the moving force that caused the violations of the plaintiff's constitutional and statutory rights. The defendant Chief of Police McCarthy acting in his official capacity, pursuant to an unconstitutional custom or policy, failed to adequately hire, train, supervise, control, investigate and discipline the defendant police officers who denied the plaintiff her rights as guaranteed by the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, as well as, the Massachusetts Constitution.

57. The defendant Chief of Police McCarthy acting in his official capacity, has been grossly negligent and indifferent in the training of police officers. Defendant

Chief of Police McCarthy acting in his official capacity, has failed to provide minimally acceptable standards of training or instruction to police officers in contemporary and up-to-date law enforcement standards, policies and procedures, in a number of key areas of law governing the laws of arrest, the laws governing probable cause to arrest and prosecute, the laws of search and seizure, the laws of the use of force. Constitutional rights of citizens, and civil liability of police officers.

58.    The official policy, custom and/or usage of defendant Chief of Police McCarthy acting in his official capacity, is unconstitutional insofar as it dictates, encourages and/or permits police officers to violate the rights of citizens.

59.    The official policy, custom and/or usage of defendant Chief of Police McCarthy acting in his official capacity, violates the Constitution of the United States and the Commonwealth of Massachusetts and caused the violations of the constitutional rights of the plaintiff as alleged in the Complaint.

60.    The plaintiff is thereby entitled to damages under the United States Constitution, 42 U.S.C. sections 1983 and 1988, Mass. Gen. Laws, ch. 12, section 11I, Mass. Gen. Laws, ch. 258, sec. 4, and other state laws including the Massachusetts Constitution.

**COUNT VIII:     NEGLIGENCE / MASSACHUSETTS TORT CLAIM**

61.    The plaintiff hereby incorporates by reference the allegations of Paragraphs 1 through 37 of this Complaint as though fully set forth herein.

62.    The acts of each defendant were negligent at the very least.

63.  Therefore the defendant Chief of Police McCarthy acting in his official capacity, is liable to the plaintiff for damages pursuant to Mass. Gen. Laws, ch. 258, sec. 4.

**WHEREFORE**, plaintiff Paula A. Krause requests that the Court enter judgment on her behalf and:

1.  Award appropriate compensatory damages to plaintiff Paula A. Krause from the defendants joint and severally in an amount to be determined by the Court.

2.  Award punitive damages to plaintiff Paula A. Krause from the defendants in an amount to be determined by the Court;

3.  Award plaintiff interest, costs and attorneys' fees; and

4.  Award such other relief as this Court deems just, equitable and appropriate.

**The plaintiff hereby demands a jury trial.**

DATED: February 4, 2004

The plaintiff,

Paula A. Krause

By _____
Jeffrey S. Brown
MacNicol, Tombs & Brown, LLP
393 Main Street, P.O. Box 985
Greenfield, MA 01302
413-772-8600
BBO# 558787