UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

|  |  |
|---|---|
| PAULA A. KRAUSE,<br>    Plaintiff<br><br>V.<br><br>DONALD S. ROBINSON, Individually and<br>in His Official Capacity as a Police Officer<br>for the Town of Greenfield Police Department,<br><br>WILLIAM GORDON, Individually and<br>in His Official Capacity as a Police Officer<br>for the Town of Greenfield Police Department,<br><br>DAVID W. RICE, Individually and<br>in His Official Capacity as a Police Officer<br>for the Town of Greenfield Police Department,<br><br>DAVID McCARTHY, Individually and<br>in His Official Capacity as a Police Officer<br>for the Town of Greenfield Police Department,<br>    Defendants | CIVIL ACTION NO. 04-30023-MAP |

### PLAINTIFF'S PRETRIAL MEMORANDUM

NOW COMES the plaintiff, Paula A. Krause, by and through counsel, and submits the following pretrial memorandum:

Counsel for the parties have met and discussed a possible settlement of this matter. At this time a settlement has not been reached. The parties have determined that there are no stipulations relating to any significant uncontested facts. The parties have been unable to narrow the issues to be tried. The parties have shared all exhibits in existence at this time. The parties have notified each other of all names and addresses of all witnesses to be called at trial.

1.      CONCISE STATEMENT OF THE PLAINTIFF'S EVIDENCE

The plaintiff will prove that on February 5, 2001 after 10:30 pm she prepared to leave her place of employment at Albertis on Main Street in Greenfield, Massachusetts. It had been snowing heavily on February 5, 2001. As she prepared to exit Albertis the plaintiff observed a tow truck, operated by Darryl Kimplin, pull up in front of Albertis. When she exited the building, the plaintiff had a discussion with Mr. Kimplin. Mr. Kimplin informed the plaintiff that he was there to tow the truck parked in front of Albertis so that the area could be plowed. The plaintiff informed Mr. Kimplin that the truck was hers and there was no need to tow her truck as she was leaving. Mr. Kimplin informed the plaintiff that he needed to be paid for showing up for the tow. The plaintiff told Mr. Kimplin that she did not have the fee. The plaintiff proceeded to begin to clear snow off of her truck.

While the plaintiff was clearing snow off of her truck, the defendant, Officer Donald Robinson of the Greenfield Police Department, arrived on the scene. Officer Robinson had a conversation with Mr. Kimplin and then spoke with the plaintiff. Officer Robinson told the plaintiff that the tow truck operator needed to get his fee. Officer Robinson and the plaintiff had a discussion about the fee and the plaintiff ultimately told Officer Robinson to bill her boss. Officer Robinson then announced to the plaintiff that her truck was now in the possession of the tow company and he told Mr. Kimplin to hook her truck up. Mr. Kimplin returned to the tow truck. Officer Robinson returned to his cruiser to get his jacket. The plaintiff continued cleaning the snow off of her truck.

When the plaintiff finished cleaning the snow from her truck, she got into the truck and began backing out of the parking space. When the plaintiff got into her truck, Officer Robinson was at his cruiser across the street. After the plaintiff backed out of the parking space, she proceeded forward heading West on Main Street. The plaintiff did not know where Officer

Robinson was at this point. As she pulled forward, Officer Robinson jumped in front of the plaintiff's truck. The plaintiff slammed on her braked and her truck slid forward for a very short distance and stopped. Officer Robinson began yelling, screaming and slamming his hands down on the hood of the plaintiff's truck. The plaintiff could not hear what Officer Robinson was saying and was very scared.

The plaintiff remained in the driver's seat of her truck. The defendants, Officer David W. Rice and Sergeant William Gordon, arrived on the scene. The plaintiff put the truck in park. Officer Gordon and/or Officer Rice began threatening to break the window of plaintiff's truck. As the plaintiff reached to turn the key off, Officer Rice was ordered by Sergeant Gordon to break the driver's side window of the plaintiff's truck. Officer Rice used a tool and shattered the plaintiff's driver's side window. As the glass shattered, the plaintiff covered her face with her hands and she leaned towards the middle of the truck. Officer Rice, Officer Robinson and Sergeant Gordon began grabbing the plaintiff. A chemical was sprayed in the plaintiff's face causing her extreme pain and discomfort. The passenger side window of the plaintiff's truck was then shattered by one of the officers. The plaintiff yelled "[i]s this necessary?"

The plaintiff was forcefully removed from her truck and handcuffed. The plaintiff was manhandled by the defendant officers, dragged across the street and sustained bruises and other injuries as a result. The plaintiff was arrested and charged with: assault and battery by means of a dangerous weapon, to wit a truck; disorderly conduct; larceny of a motor vehicle; resisting arrest; and failing to stop for a police officer. One of the defendant officers caused the plaintiff's bail to be set at $500.00. The plaintiff had no criminal record. The plaintiff incurred a legal bill of $5,261.10 defending herself against the charges brought by the defendants.

After the plaintiff was bailed out by her brother, she was examined and treated at the

Athol Memorial Hospital Emergency Room. The plaintiff was treated for possible glass in one of her eyes and released with eye drops. The Emergency Room bill was $483.08.

The cost of repairing the damage to the plaintiff's truck was $1,259.24.

As a result of this incident the plaintiff became extremely fearful of going to Greenfield and was no longer able to work at the two jobs she held within Greenfield. At her job with Albertis the plaintiff was earning approximately $230.00 per week. At her job at the Tri-State Clothing Company the plaintiff was earning $400.00 per week. The plaintiff suffers recurring nightmares and continued emotional distress as a result of this incident.

2. STATEMENT OF FACTS ESTABLISHED BY THE PLEADINGS

   None.

3. CONTESTED ISSUES OF FACT

   All consequential issues of fact are contested.

4. JURISDICTIONAL QUESTIONS

   None.

5. QUESTIONS RAISED BY PENDING MOTIONS

   None. There are no pending motions.

6. ISSUES OF LAW

   There do not appear to be any contested issues of law.

7. REQUESTED AMENDMENTS TO THE PLEADINGS

   The plaintiff anticipates the filing of a motion to amend certain factual allegations of the complaint. The plaintiff's deposition was taken on April 28, 2005. The defendants' counsel pointed out certain discrepancies between the factual allegations of the plaintiff's complaint and the plaintiff's version of events. Plaintiff's counsel has not yet received a copy of the deposition (Defendants' counsel received a copy on June 2, 2005). Upon receipt of the same, a motion to amend the complaint will be filed. It is not anticipated that there will be an objection to the motion to amend.

8.   ADDITIONAL MATTERS TO AID THE DISPOSITION OF THE CASE

     None.

9.   PROBABLE LENGTH OF TRIAL

     This jury trial will probably take three days to complete.

10.  WITNESS LIST AND PURPOSE OF TESTIMONY

     1. Paula A. Krause, Joffre Ave, Hadley, Massachusetts. The purpose of Ms. Krause's testimony will be to present her version of what occurred on February 5, 2001.
     2. Donald Robinson, Officer, Greenfield Police Department, Greenfield, Massachusetts. The purpose of Officer Robinson's testimony will be to present his version of what occurred on February 5, 2001 and to establish the customs and policies of the Greenfield Police Department on and prior to February 5, 2001.
     3. William Gordon, Sergeant, Greenfield Police Department, Greenfield, Massachusetts. The purpose of Sergeant Gordon's testimony will be to present his version of what occurred on February 5, 2001 and to establish the customs and policies of the Greenfield Police Department on and prior to February 5, 2001.
     4. David W. Rice, Officer, Greenfield Police Department, Greenfield, Massachusetts. The purpose of Officer Rice's testimony will be to present his version of what occurred on February 5, 2001 and to establish the customs and policies of the Greenfield Police Department on and prior to February 5, 2001.
     5. David McCarthy, retired Chief of Police, Greenfield Police Department, Greenfield, Massachusetts. The purpose of Chief McCarthy's testimony will be to establish the customs and policies of the Greenfield Police Department on and prior to February 5, 2001. Chief McCarthy will also offer testimony about the lack of a state of emergency and/or parking ban on February 5, 2001.
     6. David Guilbault, Chief of Police, Greenfield Police Department, Greenfield, Massachusetts. The purpose of Chief Guilbault's testimony will be to establish the customs and policies of the Greenfield Police Department on and prior to February 5, 2001.
     7. Darryl Kimplin, Main Street, Greenfield, Massachusetts. The purpose of Mr. Kimplin's testimony will be to present what her saw and heard on February 5, 2001.
     8. Phillip Ramsdell, Federal Street, Greenfield, Massachusetts. The purpose of Mr. Ramsdell's testimony will be to present what her saw and heard on February 5, 2001.
     9. Craig Billings, Greenfield, Massachusetts. The purpose of Mr. Billings' testimony will be to present what her saw and heard on February 5, 2001.
     10. Keeper of Records, Athol Memorial Hospital, Athol, Massachusetts. The purpose of this testimony will be to authenticate and introduce the medical records and bills of the treatment the plaintiff received after release from custody on February 6, 2001.
     11. Keeper of Records for the Greenfield District Court, Greenfield, Massachusetts. The purpose of this witness will be to authenticate and introduce certain pleadings and tape recording from the case of Commonwealth v. Paula Krause, Docket No.

0141CR000216.
12. Greenfield Town Clerk, Greenfield, Massachusetts. The purpose of this witness will be to establish and introduce certain sections of the Bylaws of the Town of Greenfield.

There are two other potential eyewitnesses to this incident who have been identified as Rusty and Heywood. These witnesses have not been located by either party.

11. LIST OF PROPOSED EXHIBITS

1. Photographs of the scene, the plaintiff's truck and injuries to the plaintiff's hands. To be offered without objection, subject to proper authentication.
2. Diagram of the scene drawn by the plaintiff during her deposition. To be offered without objection, subject to proper authentication.
3. Medical records and bills of the plaintiff from the Athol Memorial Hospital. To be offered without objection, subject to proper authentication.
4. Koch's Automotive, Inc. towing receipt. To be offered without objection through the testimony of Darryl Kimplin, subject to proper authentication.
5. Tape recording of a suppression hearing held in the Greenfield District Court held on November 29, 2001 (Testimony of Officer Donald Robinson and Darryl Kimplin). To be offered without objection, subject to proper authentication.
6. Police reports of defendants Robinson, Rice and Gordon. To be offered for impeachment purposes as necessary.
7. Witness statements of Darryl Kimplin and Phillip Ramsdell. To be offered for impeachment purposes.
8. Pleadings from the Greenfield District Court, Docket No. 0141CR000216. To be offered without objection, subject to proper authentication.
9. Detailed diagram of the scene. Not yet in existence. To be offered without objection, subject to proper authentication.
10. Legal bill for services rendered for criminal defense. To be offered without objection, subject to proper authentication.
11. Applicable bylaws for the Town of Greenfield. To be offered without objection, subject to proper authentication.

DATED: June 3, 2005

The plaintiff,

Paula A. Krause

By _____
Jeffrey S. Brown
MacNicol, Tombs & Brown, LLP
393 Main Street, P.O. Box 985
Greenfield, MA 01302
413-772-8600
BBO# 558787

## CERTIFICATE OF SERVICE

    I, Jeffrey S. Brown, hereby certify that I served a copy of the foregoing memorandum on the defendants, by serving a copy of the same on their counsel, Jeffrey L. McCormick, Robinson Donovan, P.C., 1500 Main Street, Suite 1600, Springfield, MA 01115, on this date.

DATED: June 3, 2005

                                                    JEFFREY S. BROWN