UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

WESTERN DIVISION

| | |
|---|---|
| PAULA A. KRAUSE,<br>    Plaintiff<br><br>V.<br><br>DONALD S. ROBINSON, Individually and in His Official Capacity as a Police Officer for the Town of Greenfield Police Department<br><br>WILLIAM GORDON, Individually and in His Official Capacity as a Police Officer for the Town of Greenfield Police Department<br><br>DAVID W. RICE, Individually and in His Official Capacity as a Police Officer for the Town of Greenfield Police Department<br><br>DAVID McCARTHY, in His Official Capacity as Chief of Police for the Town of Greenfield Police Department<br>    Defendants | CIVIL ACTION NO: 04 30023- MAP |

## DEFENDANTS' PRE-TRIAL CONFERENCE MEMORANDUM

The defendants respectfully submit the following:

1. <u>Concise Statement of the Evidence to be Presented by the Defendants</u>. On 2/5/01 at approximately 10:45, Officer Donald Robinson of the Greenfield Police Department was dispatched to the area of 96 Main Street to assist DPW in towing a motor vehicle. The request was due to an emergency tow policy that was in effect regarding a large snowfall/storm. Koch's Towing was already on the scene. Parked in front of 96 Main Street was a pick-up truck. The tow truck driver (Mr. Kimplin) indicated to the officer that he had a one-way conversation with

401845

the operator of the truck, Paula Krause. She refused to listen to him and ignored his request to tow the vehicle or to make payment for his services. During the officer's conversation with Kimplin, he observed Krause walking around the truck in question, brushing off heavy snowfall. Just east of the pick-up truck was a stopped plow truck from DPW, waiting to plow the area once the pick-up had been moved. The officer spoke out to Krause, who ignored his statements and continued brushing snow off the truck. He again attempted to get her attention by yelling. He advised her of the violation of the snow emergency policy and that she needed to pay the tow truck driver for his services. Krause's only response was "bill my boss," and she continued cleaning the truck. With that statement, the officer advised the tow truck driver to tow the pick-up truck. Eventually, Krause ran to the driver's side of the truck and entered it. She placed the pick-up truck in reverse. Officer Robinson was located on the driver's side rear of the truck, and he yelled to Krause to stop and to turn off the truck. She refused to do so. The officer realized that he was going to be struck by the driver's side rear quarter panel. Fearing being knocked down, he placed both his hands on the vehicle in an attempt to push himself away before getting struck. The officer was then struck and/or forced off balance as the pick-up continued to move. The pick-up came to a stop in the roadway, facing westerly. Robinson was able to gain his balance and to get in front of the truck. He made eye contact with Krause. He yelled for her to stop and to shut off the vehicle. Krause then placed the vehicle in drive and began to drive slowly towards Officer Robinson. Again fearing that Krause would not stop and he would be struck, he placed his left hand on the driver's side front hood. He continued to yell to Krause to stop and shut off the vehicle. Krause continued to stare at him without any expression. As the truck continued to move forward, Officer Robinson was pushed backward, up to twenty or thirty feet. During this time the Officer radioed for assistance in an attempt to have the truck stopped.

401845

Other Officers arrived. Once the pick-up truck stopped, Robinson yelled to Krause that she was under arrest and for her to shut off the vehicle and to exit it. She continued to ignore his demands. Officers Gordon and Rice arrived on the scene. Gordon advised Krause that she was under arrest, and she was refusing to stop and exit the vehicle. Sergeant Gordon went directly to the driver's side window and began to order Krause to shut off the vehicle and to exit it. Krause refused to comply. The driver's side door along the passenger's side was locked. Krause refused to allow access. Gordon stated to Krause that he would enter the vehicle by force if necessary. Krause began to move the truck forward, then stopped. At this time it was determined that Krause's actions needed to be stopped before anyone got hurt. With the Officers' commands being ignored, it was decided that the window to the truck needed to be removed to allow access. A window punch type tool was used by Officer Rice to shatter the driver's side window. Once the glass was shattered, Krause leaned over towards the passenger's side of the truck compartment as if reaching for something. Concerning about this action, Officer Rice entered the passenger's side compartment using the same technique as was used on the driver's side. Once that was done, Sergeant Gordon and Officer Robinson reached in to pull Krause out of the vehicle. She was removed and handcuffed and placed in a cruiser for transport. Ms. Krause was booked at the police department for various charges.

2. <u>Statement of Facts Established by the Pleadings, Admissions or by Stipulation</u>. None at this time.

3. <u>Contested Issues of Fact</u>. The plaintiff's version of the incident is at issue and is contested. It is asserted by the defendants that there is no factual basis for the allegations in the complaint for illegal arrest and unlawful imprisonment, for excessive force, harassment, and intimidation, for assault and battery, for conspiracy to violate civil rights, for abuse of process,

401845

for reckless and/or intentional infliction of emotional distress, for unconstitutional policy or custom/gross negligence, or for negligence/violation of the Massachusetts Tort Claims Act.

4. <u>Jurisdictional Questions</u>. At this time there appear to be no jurisdictional questions.

5. <u>Questions Raised by Pending Motions</u>. At this time there are no pending motions.

6. <u>Issues of Law, Including Evidentiary Questions</u>. There are no unusual issues of law or evidentiary questions, other than the normal questions of admissibility and/or relevance.

7. <u>Requested Amendments to Pleadings</u>. There are no such requests at this time.

8. <u>Additional Matters</u>. There are no relevant additional matters at this time. It should be said, however, that the defendants are insured by the Massachusetts Insurers Insolvency Fund (the Fund). The town of Greenfield's insurer, Legion Insurance, was declared insolvent some time ago and the Insolvency Fund has therefore taken over the coverage and defense of this matter.

9. <u>Probable Length of Trial</u>. Two to three days.

10. <u>Witnesses</u>. The defendants expect that they may call the following persons to testify in addition to themselves and the plaintiff: 1. Philip Ramsdell, 409 Federal Street, Greenfield, MA. Mr. Ramsdell was at the scene of the incident and has given at least one statement as to what he saw. 2. Darryl Kimplin, 44 Main Street, Greenfield, MA. Mr. Kimplin has given a statement and was the operator of the tow truck on the scene. 3. Chief David Guilbault, 321 High Street, Greenfield, MA. Chief Guilbault is the current Chief of the Greenfield Police and may be called to testify as to departmental policies and procedures. 4. "Rusty" and "Haywood."

401845

These two individuals were only recently named by the plaintiff in her deposition as possibly living upstairs in the building that was adjacent to the area where the alleged incident occurred. There was some indication from the plaintiff that these two individuals (whose last names are not known) may have witnessed some portions of the incident in question.

11. <u>Proposed Exhibits to be Offered at Trial by Defendants.</u> The diagram of the scene of the alleged incident drawn by the plaintiff at her deposition on 4/28/05; statement of Philip Ramsdell of May 2002; statement of Darryl Kimplin, Greenfield Police Department Arrest Report regarding the incident; Officer's Narrative Report from Donald S. Robinson; Officer's Narrative Report from David Rice; Officer's Narrative Report from Sergeant William Gordon. At this time, it is not expected that the admission of the above documents will be opposed by the plaintiff, subject to authentication.

RESPECTFULLY SUBMITTED
THE DEFENDANTS

By _____
Jeffrey L. McCormick, Esq.
Robinson Donovan, P.C.
1500 Main Street, Suite 1600
Springfield, MA 01115
413-732-2301  Fax 413-785-4658
BBO# 329740

**CERTIFICATE OF SERVICE**

I hereby certify that on this day a true copy of the above document was served upon the attorney of record for each party by mail/by hand/fax

Date: 6/3/05

401845