UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

WESTERN DIVISION
CIVIL ACTION NO: 04 30023- MAP

| | |
|---|---|
| PAULA A. KRAUSE, <br>     Plaintiff | ) <br> ) <br> ) |
| V. | ) <br> ) |
| DONALD S. ROBINSON, Individually and in His Official Capacity as a Police Officer for the Town of Greenfield Police Department | ) <br> ) <br> ) <br> ) <br> ) |
| WILLIAM GORDON, Individually and in His Official Capacity as a Police Officer for the Town of Greenfield Police Department | ) <br> ) <br> ) <br> ) <br> ) |
| DAVID W. RICE, Individually and in His Official Capacity as a Police Officer for the Town of Greenfield Police Department | ) <br> ) <br> ) <br> ) <br> ) |
| DAVID McCARTHY, in His Official Capacity as Chief of Police for the Town of Greenfield Police Department <br>     Defendants | ) <br> ) <br> ) <br> ) |

DEFENDANTS' JURY INSTRUCTIONS

COUNT I: ILLEGAL ARREST AND UNLAWFUL IMPRISONMENT

*42 U.S.C. § 1983/M.G.L., c. 12, § 11I and § 1983*
1. 42 U.S.C. § 1983

This Count involves a federal civil rights law, 42 U.S.C. § 1983, which provides a remedy for individuals who have been deprived of constitutional or statutory rights by a person or entity acting under color of state law.

This civil rights statute states in pertinent part:

415296

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983.  See also *Conn v. Gabbert,* 526 U.S. 289, 290 (1999); *Am. Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 49-50 (1999); *Iacobucci v. Boulter,* 193 F.3d 14, 21 (1st Cir. 1999); *Camilo-Robles v. Zapata,* 175 F.3d 41, 43 (1st Cir. 1999).

Elements of the Cause of Action

In order to prevail on a Section 1983 claim, the plaintiff must prove by a preponderance of evidence each of the following elements:

1. that the co-defendants, Robinson, Rice and Gordon, were acting under color of law; and

2. that these defendants' conduct deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States.

I instruct you that element one of this action has been met and that you only must consider whether the defendants named deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States.

See *Gutierrez-Rodriquez v. Cartagena,* 882 F.2d 553, 559 (1st Cir. 1989).  See also *Parrott v. Taylor,* 451 U.S. 527, 535 (1987); *Tatro v. Kervin,* 41 F.3d 9, 14 (1st Cir. 1994); *Martinez-Velez v. Simonet,* 919 F.2d 808, 810 (1st Cir. 1990).

415296

*(b)*     Deprivation of a Secured Right

The second element the plaintiff must prove is that she was deprived by the defendants, Robinson, Rice and/or Gordon, of rights, privileges, or immunities secured and protected by the Constitution and laws of the United States. This element has two subparts, each of which must be proved by a preponderance of the evidence:

1.  you must determine whether there has been a deprivation of a federally protected right; and

2.  you must determine whether the defendant's conduct was causally connected to the deprivation.

See *Gutierrez-Rodriquez v. Cartagena,* 882 F.2d 553, 559 (1st Cir. 1989).

*(i)    Unlawful Arrest*

The Fourth Amendment to the United States Constitution provides that no person may be arrested without due process of law. Due process of law in the context of an arrest means that the arrest must be based upon probable cause. Probable cause exists if the facts and circumstances known to the defendant are sufficient to warrant a reasonable police officer in believing that the plaintiff has committed or is committing a crime.

*Hunter v. Bryant,* 502 U.S. 224, 228 *(1991); *Tatro v. Kervin,* 41 F.3d 9, 14, (1st Cir. 1994); *Lallemand v. Univ. of Rhode Island,* 9 F.3d 214, 215 (1st Cir. 1993). See also *Fletcher v. Town of Clinson,* 196 F.3d 41, 53 (1st Cir. 1999).

*(ii)    Excessive Force*

When placing the plaintiff under arrest, the defendant lawfully could use only that amount of force that a reasonable police officer would think necessary to bring the plaintiff into custody under the circumstances then confronting the defendant.

*Graham v. Connor*, 490 U.S. 386, 396 (1989); *Tatro v. Kervin,* 41 F.3d 9, 14 (1st Cir. 1994); *Gaudreault v. Municipality of Salem, Mass.,* 923 F.2d 203, 205 (1st Cir. 1990), *cert. denied,* 500 U.S. 956 (1991). *See also Fletcher v. Town of Clinton*, 196 F.3d 41, 53 n.15 (1st Cir. 1999).

Reasonable force must be judged from the perspective of a reasonable police officer on the scene, but this judgment is to be made objectively in light of facts and circumstances known to the defendant.

*Graham v. Connor*, 490 U.S. 386 (1989); *Alexis v. McDonald's Rests. of Massachusetts, Inc.*, 67 F.3d 341, 352 (1st Cir. 1995); *Gaudreault v. Municipality of Salem, Mass.,* 923 F.2d 203, 205 (1st Cir. 1990), *cert. denied,* 500 U.S. 956 (1991).

In determining the reasonableness of the force used by the defendant, you may consider all the facts and circumstances known to the defendant, including the severity of the crime, whether the plaintiff posed an immediate threat to the safety of the defendant or others, and whether the plaintiff was actively resisting arrest or attempting to evade arrest by fleeing.

*Graham v. Connor*, 490 U.S. 386, 393–94 (1989); *Alexis v. McDonald's Rests. of Massachusetts, Inc.*, 67 F.3d 341, 352 (1st Cir. 1995); *Gaudreault v. Municipality of Salem, Mass.,* 923 F.2d 203, 205 (1st Cir. 1990), *cert. denied,* 500 U.S. 956 (1991).

You should keep in mind that not every push or shove rises to the level of a constitutional violation, and that police officers making arrests are often forced to make split-second decisions about the amount of force needed to effect an arrest while operating under tense, dangerous, and rapidly changing circumstances.

*Graham v. Connor*, 490 U.S. 386, 393-394 (1989); *Alexis v. McDonald's Rests. of Massachusetts, Inc.*, 67 F.3d 341, 352 (1st Cir. 1995); *Gaudreault v. Municipality of Salem, Mass.,* 923 F.2d 303, 205 (1st Cir. 1990), *cert. denied,* 500 U.S. 956 (1991).

iii) Causation

An injury or damage is proximately caused by an act or failure to act whenever it appears from the evidence that the act or omission played a substantial part in bringing about or actually causing the injury or damage, and that the injury or damage was either a direct result or a reasonably probable consequence of the act or omission.

*Gutierrez-Rodriguez v. Cartagena*, 882 F.2d 553, 569 (1st Cir. 1989).

42 U.S.C.A. § 1983 CLAIM

### Qualified Immunity-Clearly Established Law

I have now completed my instructions to you on the elements of plaintiff's Section 1983 claims. If you find that the plaintiff has proved the elements of his Section 1983 claim against a defendant, you must proceed to consider whether the defendant is entitled to what the law calls "qualified immunity" for each claim that the plaintiff has proved.

A particular defendant will be entitled to qualified immunity if, at the time of the conduct complained of he should not have known that his conduct was contrary to clearly established federal law. I will instruct you in a moment about the clearly established law regarding each of the plaintiff's claims.

If you find that the particular defendant is entitled to qualified immunity for a particular claim, you may not find him liable for that claim. If, however, you find that that defendant is not entitled to qualified immunity with respect to that claim, you may proceed to consider the issue of damages.

As I have told you, a particular defendant will be entitled to qualified immunity if, at the time he engaged in the conduct complained of he should not have know that his actions were contrary to clearly established federal law. I now instruct you that the following law was clearly established regarding the First Amendment claims at the time of the events at issue in this case.

### Qualified Immunity-Objective Reasonableness

The defendant whom you are considering has the burden of demonstrating that his conduct did not violate the clearly established federal law about which I have instructed you. The fact that a defendant acted with subjective good faith does not necessarily entitle the defendant to the protection of qualified immunity. However, a particular defendant is entitled to qualified immunity if a reasonable public official in defendant's position would not have been expected at the time to know that his conduct violated clearly established federal law.

415296

In deciding what a reasonable public official should have known about the legality of his conduct, you may consider the nature of that defendant's official responsibilities, the information that was known to the defendant or not known to him at the time of the incident in question, and the events that confronted him.

Thus, you must ask yourself what a reasonable official in the particular defendant's situation would have believed about the legality of his conduct. As I stated earlier, you should not, however, consider the defendant's subjective good faith or bad faith. If you find that a reasonable official in the defendant's situation would have believed that his conduct was lawful, the official is protected from liability by qualified immunity.

To summarize, if the defendant whom you are considering convinces you by a preponderance of the evidence that his conduct did not violate clearly established federal law on a particular claim, then you must return a verdict for that defendant on that claim. This is so even though you may have previously found that the defendant in fact violated the plaintiff's federally protected rights. If you find that the defendant has not proved that he is entitled to qualified immunity on a particular claim, then you should proceed to consider the issue of damages.

Section 1983 Litigation: Jury Instructions, Vol. 4, § 14.01 (Martin A. Schwartz & George C. Pratt, 2001 Supplement); Harlow v. Fitzgerald, 457 U.S. 800, 819 (1982).

## DAMAGES §1983

"Compensatory damages may include not only out-of-pocket loss and other monetary harms, but also such injuries as impairment of reputation . . . personal humiliation and mental anguish and suffering."

*Knussman v. Maryland,* 272 F.3d 625, 639 (4th Cir. 2001).

The plaintiff must prove by a preponderance of the evidence that such emotional distress did in fact occur and that its cause was the constitutional deprivation itself and cannot be attributable to other causes.

*Id.* at 640.

Damages under §1983 are intended to compensate for actual injuries caused by constitutional violation; therefore, a §1983 plaintiff alleging emotional distress must demonstrate that the emotional distress resulted from the constitutional violation itself and not from other troubles the plaintiff may have had in his life. You are not to award damages for the stresses and strains of litigation.

*Carey v. Piphus,* 435 U.S. at 263, 98 S. Ct. 1042.

## CAUTIONARY INSTRUCTION CONCERNING COUNSEL'S REQUEST FOR DAMAGES

I instruct you that an attorney's statement to you of the amount of damages you should award the plaintiff is not binding upon you. It is not evidence; it is only a lawyer's statement.

It is the sole and exclusive function of the jury to determine the amount of money, if any, that will justly and fairly compensate the plaintiff for any injuries and damages he has sustained. You are to make that determination solely on the basis of the evidence in this case, and on the law I will give you, and not on the basis of an attorney's statement, claim, or argument.

## ATTORNEYS' FEES AND COURT COSTS SHOULD NOT BE CONSIDERED

If you should find for the plaintiff, you should not take into consideration attorneys' fees or court costs in deciding on the amount of her compensatory damages. The matter of attorneys' fees and costs will be decided later by the Court.

*Attribution:* Adopted from Eleventh Circuit Pattern Jury Instructions Civil, Supplemental Damages Instruction 6.1. *See also Brooks v. Cook*, 938 F.2d 1048 (9th Cir. 1991).

415296

## RULE AGAINST DOUBLE RECOVERY-SECTION 1983 AND STATE LAW CLAIMS

If you return a verdict for the plaintiff, you must award her such sum of money as you believe will fairly and justly compensate her for any injury you believe she actually sustained as a direct result of the unlawful conduct of a defendant. In this case, the plaintiff claims that the defendants violated her rights in a number of ways. She claims that the defendants violated federal and state laws by involving arresting her and by using exclusive force to do so. If you find that one or more defendants did in fact violate one or more of the plaintiff's rights, you must remember that, in calculating the damages, the plaintiff is entitled to be compensated only once for the injuries she actually suffered.

Because the plaintiff presents both a federal § 1983 claim and supplemental state law claims based on the same events, you must be careful in fixing damages that you do not award double compensation for a single injury resulting from violations of the different rights. On the other hand, if defendant violated more than one of the plaintiff's rights and you can identify separate injuries from the separate violations, you should award an amount of compensatory damages that will fairly and justly compensate the plaintiff for each of her separate injuries. I emphasize again, however, that you should not compensate for the same injury twice merely because it was caused by the violation of two different legal rights, one federal and the other state.

## SEPARATE CONSIDERATION OF EACH DEFENDANT-APPORTIONMENT-JOINT AND SEVERAL LIABILITY

This case involves multiple defendants. Therefore, you must be careful to impose any damages that you may award only against the defendant or defendants that the plaintiff has proved liable. The fact that the plaintiff proves that one defendant is liable does not necessarily mean that the other defendants are liable as well. Each defendant is entitled to a separate and individual consideration of his liability without regard to your decisions on any other defendant.

If the plaintiff proves that a particular defendant is liable and responsible for a particular injury, you must impose damages for that particular injury upon that particular defendant. This requires you to estimate the dollar amount of the plaintiff's injuries that is attributable to a particular defendant's conduct. The law calls this apportionment.

The plaintiff, however, may be able to prove that more than one defendant is liable for a particular injury. If two or more persons united in an intentional act that violated the plaintiff's rights, all of those persons are jointly liable for the violation of the plaintiff's rights. The law does not require the injured party to establish how much of the injury was done by each particular defendant that is shown to be liable. So, if the plaintiff proves that the defendants who are liable acted jointly, then you may treat them jointly for purposes of assessing damages. If she proves that two or more of the defendants are jointly liable on a particular claim, you may simply determine the overall amount of damages for which they are liable, without breaking that figure down into individual percentages. Each defendant would then be liable for the overall damages. The plaintiff, however, would be able to recover only once for her injury, because the law disallows double recoveries.

415296

## PUNITIVE DAMAGES

If you have awarded the plaintiff either compensatory or nominal damages, the law permits the jury, under certain circumstances, to award the plaintiff punitive damages in order to punish the wrongdoer for the violation of constitutional rights, or some extraordinary misconduct, and to serve as an example or warning to others not to engage in such conduct.

If you, the jury, should find, from a preponderance of the evidence, that the conduct of the defendants that proximately caused injury or damage to the plaintiff was maliciously, or wantonly, or oppressively done, then the jury may, if in the exercise of discretion they unanimously choose to do so, award such amount as the jury shall unanimously agree to be proper as punitive damages.

An act or a failure to act is maliciously done if prompted or accompanied by ill will, or spite, or grudge, either toward the injured person individually or toward all persons in any group or category of which the injured person is a member.

An act or a failure to act is wantonly done if done in reckless disregard of, or callous disregard of, or indifference to the rights of, one or more persons, including the injured person.

An act or a failure to act is oppressively done if done in a way or manner that injures, or damages, or otherwise violates the rights of another person with unnecessary harshness or severity, as by misuse or abuse of authority or power, or by taking advantage of some weakness, or disability, or misfortune of another person. Thus you must take into account all the circumstances surrounding the actions of the defendants, including actions of the plaintiff that may have provoked the defendants, in deciding whether or not to award punitive damages.

Whether or not to make an award of punitive damages is a matter exclusively within the discretion of the jury. When awarded, the amount of such extraordinary damages must be fixed with calm discretion and sound reason, and must never be either awarded or fixed in amount

415296

because of any sympathy, or bias, or prejudice with respect to any party to the case. In fixing the amount of punitive damages, you must consider the degree of reprehensibility of the defendants' conduct and the relationship between the amount of punitive damages to any actual harm inflicted upon the plaintiff.

*Federal Jury Practice and Instructions, §168.10-168.20 (O'Malley, et al, Fifth Edition 2001),(modified), quoting Smith v. Wade*, 461 U.S. 30, 35-36, 103 S.Ct. 1625, 1629, 75 L.Ed.2d 632 (1983). See also *Pacific Mut. Life Ins. Co. v. Haslip,* 499 U.S. 1, 19 (1991).

415296

*2*. G.L. c. 12, §11I

*STATEMENT OF THE CAUSE OF ACTION*

The plaintiff in this case alleges that the defendants, Robinson, Rice and/or Gordon, violated the Massachusetts Civil Rights Act (G.L. c. 12, § 11I), which provides, in pertinent part:

> Any person whose exercise or enjoyment of rights secured by the constitution or laws of the United States, or of rights secured by the constitution or laws of the commonwealth, has been interfered with, or attempted to be interfered with, [by any person by means of threats, intimidation or coercion], may [bring an action for money damages].

See *Swanset Dev. Corp. v. City of Taunton*, 423 Mass. 390, 395, 668 N.E.2d 333, 337 (1996); *Sarvis v. Boston Safe Deposit and Trust Co.*, 47 Mass.App.Ct. 86, 91, 711 N.E.2d 911, 917 (1999); *Reproductive Rights Network v. President of the Univ. of Mass.*, 45 Mass.App.Ct. 495, 505, 699 N.E.2d 829, 837 (1998); *Freeman v. Planning Bd. of West Boylston*, 419 Mass. 548, 564, 646 N.E.2d 139, 148, *cert. denied*, 516 U.S. 931 (1995); *Bally v. Northeastern Univ.*, 403 Mass. 713, 717, 532 N.E.2d 49, 51-52 (1989); see also *LaManque v. Massachusetts Dept. of Employment & Training*, 3 F.Supp.2d 83, 93 (D.Mass. 1998); *French v. United Parcel Serv., Inc.*, 2 F.Supp.2d 128, 133 (D.Mass. 1998); *Brum v. Town of Dartmouth*, 428 Mass. 684, 707–08, 704 N.E.2d 1147, 1162 (1999); *Sarvis v. Boston Safe Deposit and Trust Co.*, 47 Mass.App.Ct. 86, 91, 711 N.E.2d 911, 917 (1999); *Reproductive Rights Network v. President of the Univ. of Mass.*, 45 Mass.App.Ct. 495, 505, 699 N.E.2d 829, 837 (1998).

In order to prevail on a claim under the Massachusetts Civil Rights Act, the plaintiff must prove by a preponderance of evidence the following three elements:

1. [her] exercise or enjoyment of rights secured by the Constitution or laws of either the United States or of the Commonwealth,

2. has been interfered with, or attempted to be interfered with, by the defendant, and

3. the interference or attempted interference was by threats, intimidation, or coercion.

415296

Secured Right

To establish the first element of [her] claim, the plaintiff must prove by a preponderance of the evidence that [she] was engaged in the exercise or enjoyment of rights secured by the Constitution or by the laws of the United States or of the Commonwealth.

The term "secured" means "created by, arising under or dependent upon," rather than "fully protected." A right is secured by the Constitution or laws if it emanates from the Constitution or from the laws; if it finds its source in the Constitution or the laws of the United States or of the Commonwealth.

See *Bell v. Mazza,* 394 Mass. 176, 182, 474 N.E.2d 1111, 1115 (1985) (citing *Logan v. United States*, 144 U.S. 263, 293 (1892) and *United States v. Guest*, 383 U.S. 745, 778–79 (1966) (Brennan, J., concurring)).

If you find that at the time of her arrest, the defendants acted with probable cause and did not use excessive force under the circumstances, you must find that no right secured by the Constitution or by the laws of the United States or of the Commonwealth were violated.

Interference or Attempted Interference

To establish the second element of her claim, the plaintiff must prove by a preponderance of the evidence that the defendant interfered with or attempted to interfere with the plaintiff's right to be free of unlawful seizure.

To "interfere" means to hinder, impede, intrude, or meddle in the affairs of another.

*American Heritage Dictionary of the English Language* at 683 (1969).

The Massachusetts Civil Rights Act contains no requirement that a person specifically intend to deprive another of a secured right in order to be liable under that Act. Thus, the plaintiff is not required to prove that the defendant specifically intended to interfere or attempted to interfere with [his/her] engagement in or enjoyment of a secured right.

*Deas v. Dempsey*, 403 Mass. 468, 470–71, 530 N.E.2d 1239, 1241 (1988); *Redgrave v. Boston Symphony Orchestra, Inc.*, 399 Mass. 93, 99, 502 N.E.2d 1375, 1378–79 (1987); *Elwood v. Pina*, 815 F.2d 173, 177 (1st Cir. 1987).

415296

        Threats, Intimidation, or Coercion

The third element of the plaintiff's claim is that the defendant interfered with or attempted to interfere with the plaintiff's enjoyment of secured rights by threats, intimidation, or coercion.

See *Freeman v. Planning Bd. of West Boylston*, 419 Mass. 548, 564, 646 N.E.2d 139, 149, *cert. denied*, 516 U.S. 931 (1995). *See also LaManque v. Massachusetts Dept. of Employment & Training*, 3 F.Supp.2d 83, 93 (D.Mass. 1998); *French v. United Parcel Serv., Inc.*, 2 F.Supp.2d 128, 133 (D.Mass. 1998); *Brum v. Town of Dartmouth*, 428 Mass. 684, 707–08, 704 N.E.2d 1147, 1161-62 (1999); *Sarvis v. Boston Safe Deposit and Trust Co.*, 47 Mass.App.Ct. 86, 91, 711 N.E.2d 911, 917 (1999); *Reproductive Rights Network v. President of the Univ. of Mass.*, 45 Mass.App.Ct. 495, 505–10, 699 N.E.2d 829, 837 (1998).

The Massachusetts Civil Rights Act protects rights secured by the Constitution or laws of the United States, or rights secured by the constitution or laws of this Commonwealth, only against interference or attempted interference "by threats, intimidation or coercion." Those words must be applied according to their natural connotation, that of forcing submission by conduct calculated to frighten, harass, or humiliate.

See *Pheasant Ridge Assocs. Ltd. P'ship v. Town of Burlington*, 399 Mass. 771, 781, 506 N.E.2d 1152, 1159 (1987); *Smith v. Longmeadow*, 29 Mass.App.Ct. 599, 603, 563 N.E.2d 697, 699 (1990).

When considering whether the defendants threatened, intimidated, or coerced the plaintiff, you are to consider the issue with an objective standard, that is, whether a reasonable person in the plaintiff's circumstances would be threatened, intimidated, or coerced by the defendant's conduct. In determining how a reasonable person would react in the same circumstances, you may consider how other persons actually responded to events in this case.

See *Planned Parenthood League of Mass., Inc. v. Blake*, 417 Mass. 467, 474–75, 477, 631 N.E.2d 985, 990–91, *cert. denied*, 513 U.S. 868 (1994). *See also Tedeschi v. Reardon*, 5 F.Supp.2d 40, 46 (D.Mass. 1998).

In order to recover under the Massachusetts Civil Rights Act, the plaintiff must prove by a preponderance of the evidence that the interference or attempted interference with the secured right involved an actual or potential physical confrontation accompanied by a threat of harm.

See *Planned Parenthood League of Mass., Inc. v. Blake*, 417 Mass. 467, 473–75, 631 N.E.2d 985, 989, *cert. denied*, 513 U.S. 868 (1994) (rejecting argument that facts did not establish an actual or potential physical confrontation accompanied by a threat of harm, "proof of which has been an element of [Massachusetts Civil Rights Act] claims," and observing, in footnote 8, that "[t]he Massachusetts Civil Rights Act was enacted in response to deprivations of secured rights by private individuals using violence or threats of violence amounting to racial harassment. Our cases holding that the Massachusetts Civil Rights Act was violated have involved actual or

415296

potential physical confrontations involving a threat of harm"); *Longval v. Commissioner of Corr.*, 404 Mass. 325, 333, 535 N.E.2d 588, 593 (1989). *See also Tedeschi v. Reardon*, 5 F.Supp.2d 40, 46 (D.Mass. 1998); *LaManque v. Massachusetts Dept. of Employment & Training*, 3 F.Supp.2d 83, 93 (D.Mass. 1998); *Sarvis v. Boston Safe Deposit and Trust Co.*, 47 Mass.App.Ct. 86, 92, 711 N.E.2d 911, 917-18 (1999). *But see Swanset Dev. Corp. v. City of Taunton*, 423 Mass. 390, 396 n.11, 668 N.E.2d 333, 338 n.11 (1996) *and Freeman v. Planning Bd. of West Boylston*, 419 Mass. 548, 566 n.18, 646 N.E.2d 139, 150 n.18, *cert. denied*, 516 U.S. 931 (1995) (Supreme Judicial Court assumed without deciding that coercion, which does not involve physical force, might violate the Massachusetts Civil Rights Act). *See also Tortora v. Inspector of Bldgs. of Tewksbury*, 41 Mass.App.Ct. 120, 123 n.7, 668 N.E.2d 876, 878 n.7 (1996) (summary judgment inappropriate when building inspector threatened to arrest plaintiff homeowner without having sought criminal complaint and without notice required by G.L. c. 143, § 51; "threats of arrest would appear to satisfy any requirement (if such there is) that there be 'a physical confrontation accompanied by a threat of harm'"); *Fusaro v. Blakely*, 40 Mass.App.Ct. 120, 661 N.E.2d 1339 (1996) (affirming defendants' liability under Massachusetts Civil Rights Act when defendants, who were members of Medical Center's police force, summoned plaintiff to police station and during interview (1) told plaintiff that if he did not confess they would have him fired from his job, arrange for someone to plant drugs in his car, and arrange for his arrest; (2) searched plaintiff's clothes and body; and (3) threatened to get warrant from district attorney for plaintiff's arrest).

The term "threat" involves the intentional exertion of pressure to make another fearful or apprehensive of injury or harm.

See *Planned Parenthood League of Mass., Inc. v. Blake*, 417 Mass. 467, 474, 631 N.E.2d 985, 990, *cert. denied*, 513 U.S. 868 (1994) (quoting *Redgrave v. Boston Symphony Orchestra, Inc.*, 399 Mass. 93, 104, 502 N.E.2d 1375, 1381 (1987) (O'Connor, J., dissenting)); *Delaney v. Chief of Police of Wareham*, 27 Mass.App.Ct. 398, 409, 539 N.E.2d 65, 72 (1989) ("acts or language by which another is placed in fear of injury or damage"). *See also Tedeschi v. Reardon*, 5 F.Supp.2d 40, 46 (D.Mass. 1998); *LaManque v. Massachusetts Dept. of Employment & Training*, 3 F.Supp.2d 83, 93 (D.Mass. 1998); *Sarvis v. Boston Safe Deposit and Trust Co.*, 47 Mass.App.Ct. 86, 91–92, 711 N.E.2d 911 (1999); *Reproductive Rights Network v. President of the Univ. of Mass.*, 45 Mass.App.Ct. 495, 505, 699 N.E.2d 829, 837 (1998). But note that, by itself, a threat to use lawful means to reach an intended result is not actionable under Section 11I. *Sena v. Commonwealth,* 417 Mass. 250, 263, 629 N.E.2d 986, 994 (1994) (citing *Pheasant Ridge Assocs. Ltd. P'ship v. Town of Burlington*, 399 Mass. 771, 782, 506 N.E.2d 1152, 1159 (1987)).

The term "intimidation" means the putting in fear for the purpose of compelling or deterring conduct.

See *Planned Parenthood League of Mass., Inc. v. Blake*, 417 Mass. 467, 474, 631 N.E.2d 985, 990 *cert. denied*, 513 U.S. 868 (1994); *Redgrave v. Boston Symphony Orchestra, Inc.*, 399 Mass. 93, 104, 502 N.E.2d 1375, 1381 (1987) (O'Connor, J. dissenting); *Delaney v. Chief of Police of Wareham*, 27 Mass.App.Ct. 398, 409, 539 N.E.2d 65, 72 (1989) ("creation of fear to compel

415296

conduct"). See also *Tedeschi v. Reardon*, 5 F.Supp.2d 40, 46 (D.Mass. 1998); *LaManque v. Massachusetts Dept. of Employment & Training*, 3 F.Supp.2d 83, 93 (D.Mass. 1998); *Sarvis v. Boston Safe Deposit and Trust Co.*, 47 Mass.App.Ct. 86, 92, 711 N.E.2d 911, 917-18 (1999); *Reproductive Rights Network v. President of the Univ. of Mass.*, 45 Mass.App.Ct. 495, 505, 699 N.E.2d 829, 837 (1998).

The term "coercion" means "the application to another of such force, either physical or moral, as to constrain him to do against his will something he would not otherwise have done." Stated differently, "coercion" is the active domination of another's will, or the use of physical or moral force to compel another to act or assent, or to refrain from acting or assenting.

See *Freeman v. Planning Bd. of West Boylston,* 419 Mass. 548, 565, 646 N.E.2d 139, 149 (1995); *Deas v. Dempsey*, 403 Mass. 468, 471, 530 N.E.2d 1239, 1241 (1988) (quoting *Webster's New International Dictionary* at 519 (2d ed. 1959)); *Delaney v. Chief of Police of Wareham*, 27 Mass.App.Ct. 398, 409, 539 N.E.2d 65, 72 (1989). See also *Tedeschi v. Reardon*, 5 F.Supp.2d 40, 46 (D.Mass. 1998); *LaManque v. Massachusetts Dept. of Employment & Training*, 3 F.Supp.2d 83, 93 (D.Mass. 1998); *Sarvis v. Boston Safe Deposit and Trust Co.*, 47 Mass.App.Ct. 86, 92, 711 N.E.2d 911, 917-18 (1999); *Reproductive Rights Network v. President of the Univ. of Mass.*, 45 Mass.App.Ct. 495, 505, 699 N.E.2d 829, 837 (1998).

If the defendants' words could reasonably be understood only to express an intention to use lawful means to hinder the plaintiff, those words would not be a threat, intimidation, or coercion actionable under the Massachusetts Civil Rights Act. In other words, a threat to use lawful means to reach an intended result is not actionable under Section 11I.

See *Sena v. Commonwealth*, 417 Mass. 250, 263, 629 N.E.2d 986, 994 (1994) (citing *Pheasant Ridge Assocs. Ltd. P'ship v. Town of Burlington*, 399 Mass. 771, 782, 506 N.E.2d 1152, 1159 (1987)); *Pheasant Ridge Assocs. Ltd. P'ship v. Town of Burlington*, 399 Mass. 771, 782, 506 N.E.2d 1152, 1159 (1987) (citing *Bell v. Mazza*, 394 Mass 176, 183, 474 N.E.2d 1111, 1115 (1985)). *See also Sarvis v. Boston Safe Deposit and Trust Co.*, 47 Mass.App.Ct. 86, 93–94, 711 N.E.2d 911, 918-19 (1999); *Reproductive Rights Network v. President of the Univ. of Mass.*, 45 Mass.App.Ct. 495, 506–08, 699 N.E.2d 829, 837-39 (1998).

415296