## COUNT V - ABUSE OF PROCESS

This is an action for abuse of process. To recover, the plaintiff must prove to you by a preponderance of the evidence that the defendant:

1. used legal process

2. for an ulterior or illegitimate purpose

3. resulting in damage to the plaintiff.

See *Datacomm Interface, Inc. v. Computerworld, Inc.,* 396 Mass. 760, 775–76, 489 N.E.2d 185, 195 (1980); *Jones v. Brockton Pub. Mkts., Inc.,* 369 Mass. 387, 340 N.E.2d 484 (1976); *American Mgmt. Servs., Inc. v. George S. May Int'l Co.*, 933 F.Supp. 64 (D.Mass. 1996); *Milford Power Ltd. P'ship By Milford Power Assocs., Inc. v. New England Power Co.*, 918 F.Supp. 471 (D.Mass. 1996); *General Elec. Co. v. Lyon,* 894 F.Supp. 544 (D.Mass. 1995). *See also Kobayashi v. Orion Ventures, Inc.*, 42 Mass.App.Ct. 492, 504–05, 678 N.E.2d 180, 188, *further app. rev. denied*, 425 Mass. 1102, 680 N.E.2d 101 (1997).

415296

Process

"Process" refers to papers issued by a court to bring a party or property within the jurisdiction of the court.

See *Jones v. Brockton Pub. Mkts., Inc.*, 369 Mass. 387, 390, 340 N.E.2d 484, 486 (1975); *Silvia v. Building Inspector of W. Bridgewater,* 35 Mass.App.Ct. 451, 621 N.E.2d 686, *further app. rev. denied,* 416 Mass. 1109, 630 N.E.2d 603 (1993); *Ferraro v. First Safety Fund Nat'l Bank*, 11 Mass.App.Ct. 928, 416 N.E.2d 225 (1981) (rescript); *Chemawa Country Gulf, Inc. v. Wnuk,* 9 Mass.App.Ct. 506, 402 N.E.2d 1069 (1980).

Ulterior Purpose

The plaintiff must show that the process was used to accomplish some ulterior purpose for which the process was not designed or intended, or that was not a legitimate purpose for the particular process employed.

See *Ladd v. Polidoro*, 424 Mass. 196, 198–00, 675 N.E.2d 382, 384 (1997); *FDIC v. Greenberg,* 851 F.Supp. 15 (D.Mass. 1994); *Beecy v. Pucciarelli,* 387 Mass. 589, 441 N.E.2d 1035 (1983); *Quaranto v. Silverman,* 345 Mass. 423, 187 N.E.2d 859 (1963); *Altenhaus v. Louison,* 342 Mass. 773, 172 N.E.2d 230 (1961); *Elliot v. Warwick Stores, Inc.,* 329 Mass. 406, 108 N.E.2d 681 (1953); *Noyes v. Shanahan,* 325 Mass. 601, 91 N.E.2d 841 (1950); *Gabriel v. Borowy,* 324 Mass. 231, 85 N.E.2d 435 (1949); *Carroll v. Gillespie,* 14 Mass.App.Ct. 12, 436 N.E.2d 431 (1982).

If the stated objective of the process was the actual objective, then there is no abuse of process.

See *Jones v. Brockton Pub. Mkts., Inc.*, 369 Mass. 387, 391, 340 N.E.2d 484, 486 (1975); *Silvia v. Building Inspector of W. Bridgewater,* 35 Mass.App.Ct. 451, 455, 621 N.E.2d 686, 688, *further app. rev. denied,* 416 Mass. 1109, 630 N.E.2d 603 (1993).

415296

Ulterior Purpose—Legal Expenses

The fact that a party will have to spend time and money to defend a legal action does not prove an ulterior purpose for filing the legal action.

*Broadway Management Servs., Ltd. v. Cullinet Software, Inc.,* 652 F.Supp. 1501, 1503–04 (D.Mass. 1987).

### Ulterior Purpose—Groundless Claim

Mere commencement of litigation to enforce a claim that the person commencing the litigation knows or reasonably should have known to be groundless does not constitute legal abuse of process without proof of any ulterior purpose.

See *Beecy v. Pucciarelli,* 387 Mass. 589, 441 N.E.2d 1035 (1983); *Bednarz v. Bednarz,* 27 Mass.App.Ct. 668, 673–74, 542 N.E.2d 300, 303 (1989).

Proof of groundlessness of an action is not an essential element of a claim for abuse of process; however, that the person commencing the litigation knew or had reason to know that [his] claim was groundless is relevant as tending to show that the process was used for an ulterior purpose.

See *Fishman v. Brooks,* 396 Mass. 643, 487 N.E.2d 1377 (1986).

*Damages*

The plaintiff must show that damage occurred as the natural and probable consequence of the process initiated by the defendant. If there were no damages, then the plaintiff does not have a claim, even if the process was for an ulterior motive.

*Ledgehill Homes, Inc. v. Chaitman,* 348 Mass. 777, 202 N.E.2d 920 (1964); *Quaranto v. Silverman,* 345 Mass. 423, 427, 187 N.E.2d 859, 862 (1963); *Swartz v. Brockton Sav. Bank,* 318 Mass. 66, 69, 60 N.E.2d 362, 363 (1945); *Madan v. Royal Indem. Co.,* 26 Mass.App.Ct. 756, 532 N.E.2d 1214, *further app. rev. denied,* 404 Mass. 1103, 536 N.E.2d 1093 (1989).

You may consider damages to compensate the plaintiff for injury to business, reputation, and feelings.

*Malone v. Belcher*, 216 Mass. 209, 212, 103 N.E. 637, 638 (1913).

## COUNT VI – INTENTIONAL OR RECKLESS INFLICTION OF EMOTIONAL DISTRESS

*Elements in General*

In this case, the plaintiff is claiming that the defendants, Robinson, Rice and/or Gordon, intentionally or recklessly caused infliction of emotional distress when they took her into custody. In order to recover, the plaintiff must prove by a preponderance of the evidence that:

1. each individual defendant intended to inflict emotional distress or that each individual defendant, knew or should have known that emotional distress was likely to result from [his/their] conduct;

2. each individual defendant conduct was extreme and outrageous, was beyond all possible bounds of decency and was utterly intolerable in a civilized community;

3. each individual defendant conduct caused the plaintiff's emotional distress, and

4. the emotional distress suffered was severe and of a nature that no reasonable person could be expected to endure it.

*Tetrault v. Mahoney, Hawkes & Goldings*, 425 Mass. 456, 465–66, 681 N.E.2d 1189, 1196–97 (1997); *Foley v. Polaroid Corp.,* 400 Mass. 82, 99–100, 508 N.E.2d 72, 82 (1987); *Agis v. Howard Johnson Co.*, 371 Mass. 140, 144–45, 355 N.E.2d 315, 318–19 (1976); *Cady v. Marcella*, 49 Mass.App.Ct. 334, 340-41, 729 N.E.2d 1125, 1131 (2000); *Brown v. Nutter, McClennen & Fish*, 45 Mass.App.Ct. 212, 218, 696 N.E.2d 953, 957 (1998); *Conway v. Smerling*, 37 Mass.App.Ct. 1, 8, 635 N.E.2d 268, 273 (1994).

Intent

In order to prove intentional infliction of severe emotional distress, the plaintiff must prove that each individual defendant acted either with the desire or knowledge that emotional distress would result from [his/her] conduct or that [he/she] should have known that [his] conduct would cause the plaintiff to suffer emotional distress.

*Tetrault v. Mahoney, Hawkes & Goldings*, 425 Mass. 456, 465–66, 681 N.E.2d 1189, 1196–97 (1997); *Simon v. Solomon,* 385 Mass. 91, 96–97, 431 N.E.2d 556, 562 (1988); *Agis v. Howard Johnson Co.*, 371 Mass. 140, 144–45, 355 N.E.2d 315, 318 (1976); *George v. Jordan Marsh Co.*, 359 Mass. 244, 255, 268 N.E.2d 915, 921 (1971).

Extreme and Outrageous Conduct

"Extreme and outrageous" conduct is more than just workaday insults, hurt feelings from bad manners, annoyances, or petty oppressions. "Outrageousness" means a high order of recklessness, ruthlessness or deliberate malevolence.

*Tetrault v. Mahoney, Hawkes & Goldings*, 425 Mass. 456, 465–66, 681 N.E.2d 1189, 1196–97 (1997); *Foley v. Polaroid Corp.*, 400 Mass. 82, 99–100, 508 N.E.2d 72, 82 (1987); *Boyle v. Wenk*, 378 Mass. 592, 595, 392 N.E.2d 1053, 1055–56 (1979); *Agis v. Howard Johnson Co.*, 371 Mass. 140, 144–45, 355 N.E.2d 315, 319 (1976); *Conway v. Smerling*, 37 Mass.App.Ct. 1, 8–9, 635 N.E.2d 268, 273 (1994).

What is extreme and outrageous is for you to consider, given all the facts. For instance, outrageous behavior may be found by a repeated series of incidents, even if those incidents, when taken individually, might not be sufficiently extreme. Also, conduct otherwise reasonable may give rise to liability when it is directed at a person known to the defendant to be particularly susceptible to emotional distress because of some physical or emotional vulnerability.

reasonable expectation of proving at trial that the funeral home's communications and conduct in providing funeral services for their stillborn child were extreme and outrageous); *Brown v. Nutter, McClennen & Fish*, 45 Mass.App.Ct. 212, 218–19, 696 N.E.2d 953, 957–58 (1998) (legal secretary's allegations that her longtime supervisor had caused her to engage in illegal conduct for his own benefit and had continued to contact her despite her requests that he stop created a triable issue); *Boyle v. Wenk*, 378 Mass. 592, 595–96, 392 N.E.2d 1053, 1055–56 (1979); *George v. Jordan Marsh Co.*, 359 Mass. 244, 254–55, 268 N.E.2d 915, 921 (1971); see also *Simon v. Solomon*, 385 Mass. 91, 96–97, 431 N.E.2d 556, 561–62 (1982).

*Damages*

If you find that the plaintiff has satisfied each and every element of [his/her] claim for intentional infliction of emotional distress, you must consider the issue of damages. The rule of damages is a practical instrumentality for the administration of justice. Its object is to afford the equivalent in money for the actual loss caused by the wrong of another. You must consider what amount of money would be full, fair and reasonable based on all the evidence. The amount of damages should be based on just and reasonable inferences, even though there may be an element of uncertainty in your determination.

*Rombola v. Cosindas,* 351 Mass. 382, 385, 220 N.E.2d 919, 922 (1966); *Agoos Leather Co. Inc. v. American & Foreign Ins. Co.*, 342 Mass. 603, 608, 174 N.E.2d 652, 655 (1962); *Daniels v. Celeste*, 303 Mass. 148, 150, 21 N.E.2d 1, 2 (1939); *Sullivan v. Old Colony St. Ry. Co.*, 197 Mass. 512, 516, 83 N.E. 1091, 1092 (1908).

## COUNT VII - SUPERVISORY LIABILITY UNDER §1983

The plaintiff has alleged that defendant, Chief of Police David McCarthy, while acting in his official capacity as the Chief, failed to adequately train or supervise the co-defendants.

In order to hold the defendant supervisor liable, the plaintiff must prove that Chief McCarthy's conduct or inaction amounted to a reckless or callous indifference to the constitutional rights of the plaintiff and that there was an affirmative link between the conduct of the other defendants and the defendant's conduct or inaction.

*Febus-Rodriguez v. Betancourt-Lebron*, 14 F.3d 87, 91–92 & n.4 (1st Cir. 1994); *Gutierrez-Rodriguez v. Cartagena,* 882 F.2d 553, 562 (1st Cir. 1989). *See also Camilo-Robles v. Zapata*, 175 F.3d 41, 43–44 (1st Cir. 1999).

RESPECTFULLY SUBMITTED
THE DEFENDANTS
DONALD S. ROBINSON, Individually and in His Official Capacity as a Police Officer for the Town of Greenfield Police Department
WILLIAM GORDON, Individually and in His Official Capacity as a Police Officer for the Town of Greenfield Police Department
DAVID W. RICE, Individually and in His Official Capacity as a Police Officer for the Town of Greenfield Police Department
DAVID McCARTHY, in His Official Capacity as Chief of Police for the Town of Greenfield Police Department

By    */s/ Jeffrey L. McCormick*
Jeffrey L. McCormick, Esq.
Robinson Donovan, P.C.
1500 Main Street, Suite 1600
Springfield, MA 01115
Phone (413)732-2301  Fax (413)785-4658
BBO No.: 329740

415296