UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

WESTERN DIVISION
CIVIL ACTION NO: 04 30023- MAP

| | |
|---|---|
| PAULA A. KRAUSE,<br>    Plaintiff | )<br>)<br>) |
| V. | )<br>) |
| DONALD S. ROBINSON, Individually and<br>in His Official Capacity as a Police Officer<br>for the Town of Greenfield Police<br>Department | )<br>)<br>)<br>) |
| WILLIAM GORDON, Individually and<br>in His Official Capacity as a Police Officer<br>for the Town of Greenfield Police<br>Department | )<br>)<br>)<br>) |
| DAVID W. RICE, Individually and<br>in His Official Capacity as a Police Officer<br>for the Town of Greenfield Police<br>Department | )<br>)<br>)<br>) |
| DAVID McCARTHY, in His Official<br>Capacity as Chief of Police for the Town of<br>Greenfield Police Department<br>    Defendants | )<br>)<br>)<br>) |

<u>DEFENDANTS' MOTION IN LIMINE TO PRECLUDE EVIDENCE OR REFERENCE
DURING TRIAL OF PRIOR CIVILIAN COMPLAINTS CONCERNING ANY GREENFIELD
POLICE OFFICER, INCLUDING BUT NOT LIMITED TO ANY SUCH REFERENCES OR
EVIDENCE AS TO THE DEFENDANT DONALD ROBINSON, AS A DEFENDANT IN THE
CASE OF *MARION M. WHEELER V. DENNIS SAMPSON, ET AL*
[INCLUDING THE TOWN OF ASHFIELD]</u>

The defendants in this matter respectfully move the Court for a Motion in Limine to preclude any evidence or reference of any kind during trial of any prior civilian complaints and investigations conducted in response thereto concerning any Greenfield Police Officer involved in the matter referred to in the plaintiff's complaint, including but not limited to Donald Robinson, as a defendant in the case of *Marion M. Wheeler v. Dennis Sampson Et Al*, [including the Town of Ashfield] U.S. District Court for the District of Massachusetts, Western Section,

Civil Action No. 99-30084-MAP. This would include a request that the Court not allow any evidence as to any prior and all lawsuits, claims, prosecutions, and actions involving claims of violations of citizens' civil rights to which the defendants Town of Greenfield or the Greenfield Police Department, or any other named defendants herein have been a party, other than in this action. The defendants respectfully urge that this motion be allowed on the grounds that such said evidence is not admissible for any legitimate purpose, and will unfairly prejudice the defendant officers as well as the Town.

The admissibility of prior civil suits and prior civilian complaints is governed by the same set of rules. Generally, under Federal Rule of Evidence 404(b), evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person to show action in conformity therewith although it may be admissible for other purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident. Here, although past incidents could conceivably be admitted to prove that the Town and the police chief had knowledge that certain officers were the subject of other complaints, whatever probative value this may have is outweighed by the strong likelihood of prejudice to the defendants. Rule 403.

During the pendency of this claim, plaintiff's counsel has referred to the case of *Wheeler v. Sampson et al,* Civil Action No. 99-30084-MAP where an allegation of a violation of civil rights was brought against the Town of Ashfield or its officers, including Donald Robinson (a defendant in the instant matter). That suit was by all indication vigorously defended by the Town and settled by its insurance carrier with releases from the plaintiffs and no admissions of liability on the part of the Town or any individuals. Terms of settlement were agreed to be confidential. The mere fact that such suits were brought against the Town of Ashfield and the named individuals does not, of course, make them admissible in this case. The plaintiff herein may also contend that other possible civilian complaints concerning potential civil rights violations and documents concerning investigations thereof might be allowed into evidence at

279416

trial. The plaintiff can make no showing that any of these complaints are probative on any issue in this case.

In *Carter v. District of Columbia*, 795 F.2d 116 (D.C. Cir. 1986), the U.S. Court of Appeals for the D.C. Circuit held that the trial court had abused its discretion and committed reversible error by admitting evidence of prior complaints and lawsuits against the D.C. police department in a § 1983 excessive force case. In *Carter*, the plaintiffs alleged that the individual officers had violated their constitutional rights by engaging in a series of acts during an arrest including pointing weapons and shooting at them without cause, striking one of them with a pistol and kicking him in effecting his arrest, etc. The plaintiffs also brought a claim against the District of Columbia and its police chief under *Monell* contending that the police department had failed to adequately train, supervise, investigate and discipline its police officers and that it was the department's policy to tolerate and acquiesce in the misconduct which they had experienced. In support of their claims, the plaintiffs sought to introduce numerous types of evidence including bare complaints and pleadings, unsubstantiated by testimony, concerning alleged incidents of the use of excessive force by police officers. The evidence was offered not to establish that the incidents alleged actually occurred but to test the familiarity of the police chief and his chief lieutenant with the allegations and gauge their response to those claims with which they were familiar, in support of the *Monell* claim. The defendants contended on appeal that the trial court had committed an abuse of discretion in admitting this evidence. The Court of Appeals agreed, finding that the probative value of this evidence was far outweighed by its prejudicial effect, citing Fed. R. Evid. 403. It held that allowing specific accounts of allegations contained in newspaper articles to be read verbatim to the jury constituted "a conspicuous failure to exercise proper control by the trial judge", amounting to an abuse of discretion. *Id.* at 128. The Court of Appeals also found that the trial court abused its discretion by admitting inflammatory material from the defendant officer's individual personnel files including "highly

279416

inflammatory complaints and allegations that were unquestionably capable of causing unfair prejudice to the defendants." The Court of Appeals stated as follows:

> Permitting the jury to consider the complaint and the counts of misconduct contained in the personnel files of Officer Vanderbloemen and the other defendants presented a grave danger of unfair prejudice. Following the reading of account after account of alleged misconduct by the defendants, there was a significant risk that the jury would conclude that the evidence established the bad character of the defendants and that the defendants were likely to have acted in the same way on the night in question. Use of the "other acts" evidence for this purpose is, of course, precisely what Rule 404(b) proscribes.

*Id.* at 131.

In a § 1983 action by parents of a man shot by an officer after the man approached the officers with a gun drawn, the Court of Appeals for the Ninth Circuit held the district court did not abuse its discretion in excluding evidence about another shooting that the defendant officer was involved in three days after the instant shooting, on grounds that the marginally probative value of this evidence was substantially outweighed by the danger of unfair prejudice and that, in order to admit this evidence, the court would have to have a "full-blown trial within this trial" so that the marginal value of the evidence was substantially outweighed by the danger of confusion of the issues, misleading the jury, or undue delay and waste of time. *Duran v. City of Maywood*, 221 F.3d 1127, 54 Fed. R. Evid. Serv. 1451 (9th Cir. 2000).

The defendants herein submit that any probative value that possible evidence or reference to other complaints or claims may have is far outweighed by its prejudicial effect and that it should therefore be excluded. In the alternative, given the substantial likelihood of prejudice and jury confusion, the Court should simply refrain from making any pre-trial rulings on the admission of any prior civilian complaints or law suits until the plaintiffs have satisfied the Court as to the admissibility of each and every such complaint and lawsuit that they seek to have introduced.

279416

WHEREFORE, the defendants respectfully urge that their motion *in limine* to exclude evidence or reference to prior civil suits and prior civil complaints and investigations be allowed.

        THE DEFENDANTS
TOWN OF AGAWAM, TOWN OF AGAWAM POLICE DEPT., AGAWAM POLICE CHIEF ROBERT CAMPBELL, ANTHONY GRASSO, JAMES WHEELER, RICHARD NILES, KEITH BOPKO, JOHN MOCCIO, OFFICER MCGOVERN

By      */s/Jeffrey L. McCormick*
Jeffrey L. McCormick, Esq., of
Robinson Donovan, P.C.
1500 Main Street, Suite 1600
Springfield, Massachusetts 01115
Phone (413) 732-2301  Fax (413) 785-4658
BBO No.: 329740
jmccormick@robinson-donovan.com

### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this _____ day of November, 2006.

        _____*/s/Jeffrey L. McCormick*_____
        Jeffrey L. McCormick, Esq.

279416