because of any sympathy, or bias, or prejudice with respect to any party to the case. In fixing the amount of punitive damages, you must consider the degree of reprehensibility of the defendants' conduct and the relationship between the amount of punitive damages to any actual harm inflicted upon the plaintiff.

*Federal Jury Practice and Instructions, §168.10-168.20 (O'Malley, et al, Fifth Edition 2001),(modified), quoting Smith v. Wade*, 461 U.S. 30, 35-36, 103 S.Ct. 1625, 1629, 75 L.Ed.2d 632 (1983). See also *Pacific Mut. Life Ins. Co. v. Haslip,* 499 U.S. 1, 19 (1991).

*2.* G.L. c. 12, §11I

*STATEMENT OF THE CAUSE OF ACTION*

The plaintiff in this case alleges that the defendants, Robinson, Rice and/or Gordon, violated the

Massachusetts Civil Rights Act (G.L. c. 12, § 11I), which provides, in pertinent part:

> Any person whose exercise or enjoyment of rights secured by the constitution
>
> or laws of the United States, or of rights secured by the constitution or laws of
>
> the commonwealth, has been interfered with, or attempted to be interfered
>
> with, [by any person by means of threats, intimidation or coercion], may
>
> [bring an action for money damages].

See *Swanset Dev. Corp. v. City of Taunton*, 423 Mass. 390, 395, 668 N.E.2d 333, 337 (1996); *Sarvis v. Boston Safe Deposit and Trust Co.*, 47 Mass.App.Ct. 86, 91, 711 N.E.2d 911, 917 (1999); *Reproductive Rights Network v. President of the Univ. of Mass.*, 45 Mass.App.Ct. 495, 505, 699 N.E.2d 829, 837 (1998); *Freeman v. Planning Bd. of West Boylston*, 419 Mass. 548, 564, 646 N.E.2d 139, 148, *cert. denied*, 516 U.S. 931 (1995); *Bally v. Northeastern Univ.*, 403 Mass. 713, 717, 532 N.E.2d 49, 51-52 (1989); *see also LaManque v. Massachusetts Dept. of Employment & Training*, 3 F.Supp.2d 83, 93 (D.Mass. 1998); *French v. United Parcel Serv., Inc.*, 2 F.Supp.2d 128, 133 (D.Mass. 1998); *Brum v. Town of Dartmouth*, 428 Mass. 684, 707–08, 704 N.E.2d 1147, 1162 (1999); *Sarvis v. Boston Safe Deposit and Trust Co.*, 47 Mass.App.Ct. 86, 91, 711 N.E.2d 911, 917 (1999); *Reproductive Rights Network v. President of the Univ. of Mass.*, 45 Mass.App.Ct. 495, 505, 699 N.E.2d 829, 837 (1998).

In order to prevail on a claim under the Massachusetts Civil Rights Act, the plaintiff must prove

by a preponderance of evidence the following three elements:

1.   [her] exercise or enjoyment of rights secured by the Constitution or laws of either the United

     States or of the Commonwealth,

2.   has been interfered with, or attempted to be interfered with, by the defendant, and

3.   the interference or attempted interference was by threats, intimidation, or coercion.

415296

Secured Right

To establish the first element of [her] claim, the plaintiff must prove by a preponderance of the evidence that [she] was engaged in the exercise or enjoyment of rights secured by the Constitution or by the laws of the United States or of the Commonwealth.

The term "secured" means "created by, arising under or dependent upon," rather than "fully protected." A right is secured by the Constitution or laws if it emanates from the Constitution or from the laws; if it finds its source in the Constitution or the laws of the United States or of the Commonwealth.

See *Bell v. Mazza,* 394 Mass. 176, 182, 474 N.E.2d 1111, 1115 (1985) (citing *Logan v. United States*, 144 U.S. 263, 293 (1892) and *United States v. Guest*, 383 U.S. 745, 778–79 (1966) (Brennan, J., concurring)).

If you find that at the time of her arrest, the defendants acted with probable cause and did not use excessive force under the circumstance, you must find that no right secured by the Constitution or by the laws of the United States or of the Commonwealth were violated.

Interference or Attempted Interference

To establish the second element of her claim, the plaintiff must prove by a preponderance of the evidence that the defendant interfered with or attempted to interfere with the plaintiff's right to be free of unlawful seizure.

To "interfere" means to hinder, impede, intrude, or meddle in the affairs of another.

*American Heritage Dictionary of the English Language* at 683 (1969).

The Massachusetts Civil Rights Act contains no requirement that a person specifically intend to deprive another of a secured right in order to be liable under that Act. Thus, the plaintiff is not required to prove that the defendant specifically intended to interfere or attempted to interfere with [his/her] engagement in or enjoyment of a secured right.

*Deas v. Dempsey*, 403 Mass. 468, 470–71, 530 N.E.2d 1239, 1241 (1988); *Redgrave v. Boston Symphony Orchestra, Inc.*, 399 Mass. 93, 99, 502 N.E.2d 1375, 1378–79 (1987); *Elwood v. Pina*, 815 F.2d 173, 177 (1st Cir. 1987).

Threats, Intimidation, or Coercion

The third element of the plaintiff's claim is that the defendant interfered with or attempted to interfere with the plaintiff's enjoyment of secured rights by threats, intimidation, or coercion.

See *Freeman v. Planning Bd. of West Boylston*, 419 Mass. 548, 564, 646 N.E.2d 139, 149, *cert. denied*, 516 U.S. 931 (1995). *See also LaManque v. Massachusetts Dept. of Employment & Training*, 3 F.Supp.2d 83, 93 (D.Mass. 1998); *French v. United Parcel Serv., Inc.*, 2 F.Supp.2d 128, 133 (D.Mass. 1998); *Brum v. Town of Dartmouth*, 428 Mass. 684, 707–08, 704 N.E.2d 1147, 1161-62 (1999); *Sarvis v. Boston Safe Deposit and Trust Co.*, 47 Mass.App.Ct. 86, 91, 711 N.E.2d 911, 917 (1999); *Reproductive Rights Network v. President of the Univ. of Mass.*, 45 Mass.App.Ct. 495, 505–10, 699 N.E.2d 829, 837 (1998).

The Massachusetts Civil Rights Act protects rights secured by the Constitution or laws of the United States, or rights secured by the constitution or laws of this Commonwealth, only against interference or attempted interference "by threats, intimidation or coercion." Those words must be applied according to their natural connotation, that of forcing submission by conduct calculated to frighten, harass, or humiliate.

See *Pheasant Ridge Assocs. Ltd. P'ship v. Town of Burlington*, 399 Mass. 771, 781, 506 N.E.2d 1152, 1159 (1987); *Smith v. Longmeadow*, 29 Mass.App.Ct. 599, 603, 563 N.E.2d 697, 699 (1990).

When considering whether the defendants threatened, intimidated, or coerced the plaintiff, you are to consider the issue with an objective standard, that is, whether a reasonable person in the plaintiff's circumstances would be threatened, intimidated, or coerced by the defendant's conduct. In determining how a reasonable person would react in the same circumstances, you may consider how other persons actually responded to events in this case.

See *Planned Parenthood League of Mass., Inc. v. Blake*, 417 Mass. 467, 474–75, 477, 631 N.E.2d 985, 990–91, *cert. denied*, 513 U.S. 868 (1994). *See also Tedeschi v. Reardon*, 5 F.Supp.2d 40, 46 (D.Mass. 1998).

In order to recover under the Massachusetts Civil Rights Act, the plaintiff must prove by a

preponderance of the evidence that the interference or attempted interference with the secured

right involved an actual or potential physical confrontation accompanied by a threat of harm.

See *Planned Parenthood League of Mass., Inc. v. Blake*, 417 Mass. 467, 473–75, 631 N.E.2d
985, 989, *cert. denied*, 513 U.S. 868 (1994) (rejecting argument that facts did not establish an
actual or potential physical confrontation accompanied by a threat of harm, "proof of which has
been an element of [Massachusetts Civil Rights Act] claims," and observing, in footnote 8, that
"[t]he Massachusetts Civil Rights Act was enacted in response to deprivations of secured rights
by private individuals using violence or threats of violence amounting to racial harassment. Our
cases holding that the Massachusetts Civil Rights Act was violated have involved actual or
potential physical confrontations involving a threat of harm"); *Longval v. Commissioner of Corr.*,
404 Mass. 325, 333, 535 N.E.2d 588, 593 (1989). *See also Tedeschi v. Reardon*, 5 F.Supp.2d 40,
46 (D.Mass. 1998); *LaManque v. Massachusetts Dept. of Employment & Training*, 3 F.Supp.2d
83, 93 (D.Mass. 1998); *Sarvis v. Boston Safe Deposit and Trust Co.*, 47 Mass.App.Ct. 86, 92, 711
N.E.2d 911, 917-18 (1999). *But see Swanset Dev. Corp. v. City of Taunton*, 423 Mass. 390, 396
n.11, 668 N.E.2d 333, 338 n.11 (1996) *and Freeman v. Planning Bd. of West Boylston*, 419 Mass.
548, 566 n.18, 646 N.E.2d 139, 150 n.18, *cert. denied*, 516 U.S. 931 (1995) (Supreme Judicial
Court assumed without deciding that coercion, which does not involve physical force, might
violate the Massachusetts Civil Rights Act). *See also Tortora v. Inspector of Bldgs. of Tewksbury*,
41 Mass.App.Ct. 120, 123 n.7, 668 N.E.2d 876, 878 n.7 (1996) (summary judgment
inappropriate when building inspector threatened to arrest plaintiff homeowner without having
sought criminal complaint and without notice required by G.L. c. 143, § 51; "threats of arrest
would appear to satisfy any requirement (if such there is) that there be 'a physical confrontation
accompanied by a threat of harm'"); *Fusaro v. Blakely*, 40 Mass.App.Ct. 120, 661 N.E.2d 1339
(1996) (affirming defendants' liability under Massachusetts Civil Rights Act when defendants,
who were members of Medical Center's police force, summoned plaintiff to police station and
during interview (1) told plaintiff that if he did not confess they would have him fired from his
job, arrange for someone to plant drugs in his car, and arrange for his arrest; (2) searched
plaintiff's clothes and body; and (3) threatened to get warrant from district attorney for plaintiff's
arrest).

The term "threat" involves the intentional exertion of pressure to make another fearful or

apprehensive of injury or harm.

See *Planned Parenthood League of Mass., Inc. v. Blake*, 417 Mass. 467, 474, 631 N.E.2d 985,
990, *cert. denied*, 513 U.S. 868 (1994) (quoting *Redgrave v. Boston Symphony Orchestra, Inc.*,
399 Mass. 93, 104, 502 N.E.2d 1375, 1381 (1987) (O'Connor, J., dissenting)); *Delaney v. Chief
of Police of Wareham*, 27 Mass.App.Ct. 398, 409, 539 N.E.2d 65, 72 (1989) ("acts or language

by which another is placed in fear of injury or damage"). *See also Tedeschi v. Reardon*, 5 F.Supp.2d 40, 46 (D.Mass. 1998); *LaManque v. Massachusetts Dept. of Employment & Training*, 3 F.Supp.2d 83, 93 (D.Mass. 1998); *Sarvis v. Boston Safe Deposit and Trust Co.*, 47 Mass.App.Ct. 86, 91–92, 711 N.E.2d 911 (1999); *Reproductive Rights Network v. President of the Univ. of Mass.*, 45 Mass.App.Ct. 495, 505, 699 N.E.2d 829, 837 (1998). But note that, by itself, a threat to use lawful means to reach an intended result is not actionable under Section 11I. *Sena v. Commonwealth,* 417 Mass. 250, 263, 629 N.E.2d 986, 994 (1994) (citing *Pheasant Ridge Assocs. Ltd. P'ship v. Town of Burlington*, 399 Mass. 771, 782, 506 N.E.2d 1152, 1159 (1987)).

The term "intimidation" means the putting in fear for the purpose of compelling or deterring conduct.

See *Planned Parenthood League of Mass., Inc. v. Blake*, 417 Mass. 467, 474, 631 N.E.2d 985, 990 *cert. denied*, 513 U.S. 868 (1994); *Redgrave v. Boston Symphony Orchestra, Inc.*, 399 Mass. 93, 104, 502 N.E.2d 1375, 1381 (1987) (O'Connor, J. dissenting); *Delaney v. Chief of Police of Wareham*, 27 Mass.App.Ct. 398, 409, 539 N.E.2d 65, 72 (1989) ("creation of fear to compel conduct"). *See also Tedeschi v. Reardon*, 5 F.Supp.2d 40, 46 (D.Mass. 1998); *LaManque v. Massachusetts Dept. of Employment & Training*, 3 F.Supp.2d 83, 93 (D.Mass. 1998); *Sarvis v. Boston Safe Deposit and Trust Co.*, 47 Mass.App.Ct. 86, 92, 711 N.E.2d 911, 917-18 (1999); *Reproductive Rights Network v. President of the Univ. of Mass.*, 45 Mass.App.Ct. 495, 505, 699 N.E.2d 829, 837 (1998).

The term "coercion" means "the application to another of such force, either physical or moral, as to constrain him to do against his will something he would not otherwise have done." Stated differently, "coercion" is the active domination of another's will, or the use of physical or moral force to compel another to act or assent, or to refrain from acting or assenting.

See *Freeman v. Planning Bd. of West Boylston,* 419 Mass. 548, 565, 646 N.E.2d 139, 149 (1995); *Deas v. Dempsey*, 403 Mass. 468, 471, 530 N.E.2d 1239, 1241 (1988) (quoting *Webster's New International Dictionary* at 519 (2d ed. 1959)); *Delaney v. Chief of Police of Wareham*, 27 Mass.App.Ct. 398, 409, 539 N.E.2d 65, 72 (1989). *See also Tedeschi v. Reardon*, 5 F.Supp.2d 40, 46 (D.Mass. 1998); *LaManque v. Massachusetts Dept. of Employment & Training*, 3 F.Supp.2d 83, 93 (D.Mass. 1998); *Sarvis v. Boston Safe Deposit and Trust Co.*, 47 Mass.App.Ct. 86, 92, 711 N.E.2d 911, 917-18 (1999); *Reproductive Rights Network v. President of the Univ. of Mass.*, 45 Mass.App.Ct. 495, 505, 699 N.E.2d 829, 837 (1998).

If the defendants' words could reasonably be understood only to express an intention to use lawful means to hinder the plaintiff, those words would not be a threat, intimidation, or coercion

actionable under the Massachusetts Civil Rights Act. In other words, a threat to use lawful means

to reach an intended result is not actionable under Section 11I.

See *Sena v. Commonwealth*, 417 Mass. 250, 263, 629 N.E.2d 986, 994 (1994) (citing *Pheasant Ridge Assocs. Ltd. P'ship v. Town of Burlington*, 399 Mass. 771, 782, 506 N.E.2d 1152, 1159 (1987)); *Pheasant Ridge Assocs. Ltd. P'ship v. Town of Burlington*, 399 Mass. 771, 782, 506 N.E.2d 1152, 1159 (1987) (citing *Bell v. Mazza*, 394 Mass 176, 183, 474 N.E.2d 1111, 1115 (1985)). *See also Sarvis v. Boston Safe Deposit and Trust Co.*, 47 Mass.App.Ct. 86, 93–94, 711 N.E.2d 911, 918-19 (1999); *Reproductive Rights Network v. President of the Univ. of Mass.*, 45 Mass.App.Ct. 495, 506–08, 699 N.E.2d 829, 837-39 (1998).

COUNT III – ASSAULT AND BATTERY

This is an action for Assault & Battery. To recover, the plaintiff must prove to you by a preponderance of the evidence that the defendant:

1.    acted with the intent to cause a harmful or offensive contact with the person of the plaintiff, or to create an imminent apprehension of such a contact, and

2.    a harmful contact with the person of the plaintiff directly or indirectly resulted.

*Waters v. Blackshear*, 412 Mass. 589, 590-591 (1992).


In short, "The act of the defendant must cause, and must be intended to cause, an unpermitted contact."

*Id.* at 591, quoting, Prosser & Keaton, Torts, § 9, at 41 (5th ed. 1984).

## COUNT IV – CONSPIRACY TO VIOLATE CIVIL RIGHTS

A civil rights conspiracy is a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is an agreement between the parties to inflict a wrong against or injury upon another, and an overt act that results in damages . . . To be actionable under section 1983 the plaintiff has to prove that there has been, besides the agreement, an actual deprivation of a right secured by the Constitution and laws . . . .

*Santiago v. Fenton,* 891 F.2d 373, 389 (1st Cir. 1989) (citations omitted; internal quotation marks omitted).

## COUNT V - ABUSE OF PROCESS

This is an action for abuse of process. To recover, the plaintiff must prove to you by a preponderance of the evidence that the defendant:

1.   used legal process

2.   for an ulterior or illegitimate purpose

3.   resulting in damage to the plaintiff.

See *Datacomm Interface, Inc. v. Computerworld, Inc.,* 396 Mass. 760, 775–76, 489 N.E.2d 185, 195 (1980); *Jones v. Brockton Pub. Mkts., Inc.,* 369 Mass. 387, 340 N.E.2d 484 (1976); *American Mgmt. Servs., Inc. v. George S. May Int*'l Co., 933 F.Supp. 64 (D.Mass. 1996); *Milford Power Ltd. P'ship By Milford Power Assocs., Inc. v. New England Power Co.,* 918 F.Supp. 471 (D.Mass. 1996); *General Elec. Co. v. Lyon,* 894 F.Supp. 544 (D.Mass. 1995). *See also Kobayashi v. Orion Ventures, Inc.*, 42 Mass.App.Ct. 492, 504–05, 678 N.E.2d 180, 188, *further app. rev. denied,* 425 Mass. 1102, 680 N.E.2d 101 (1997).

415296

Process

"Process" refers to papers issued by a court to bring a party or property within the jurisdiction of the court.

See *Jones v. Brockton Pub. Mkts., Inc.*, 369 Mass. 387, 390, 340 N.E.2d 484, 486 (1975); *Silvia v. Building Inspector of W. Bridgewater,* 35 Mass.App.Ct. 451, 621 N.E.2d 686, *further app. rev. denied,* 416 Mass. 1109, 630 N.E.2d 603 (1993); *Ferraro v. First Safety Fund Nat'l Bank*, 11 Mass.App.Ct. 928, 416 N.E.2d 225 (1981) (rescript); *Chemawa Country Gulf, Inc. v. Wnuk,* 9 Mass.App.Ct. 506, 402 N.E.2d 1069 (1980).

Ulterior Purpose

The plaintiff must show that the process was used to accomplish some ulterior purpose for which

the process was not designed or intended, or that was not a legitimate purpose for the particular

process employed.

See *Ladd v. Polidoro*, 424 Mass. 196, 198–00, 675 N.E.2d 382, 384 (1997); *FDIC v. Greenberg*, 851 F.Supp. 15 (D.Mass. 1994); *Beecy v. Pucciarelli*, 387 Mass. 589, 441 N.E.2d 1035 (1983); *Quaranto v. Silverman*, 345 Mass. 423, 187 N.E.2d 859 (1963); *Altenhaus v. Louison*, 342 Mass. 773, 172 N.E.2d 230 (1961); *Elliot v. Warwick Stores, Inc.*, 329 Mass. 406, 108 N.E.2d 681 (1953); *Noyes v. Shanahan*, 325 Mass. 601, 91 N.E.2d 841 (1950); *Gabriel v. Borowy*, 324 Mass. 231, 85 N.E.2d 435 (1949); *Carroll v. Gillespie*, 14 Mass.App.Ct. 12, 436 N.E.2d 431 (1982).

If the stated objective of the process was the actual objective, then there is no abuse of process.

See *Jones v. Brockton Pub. Mkts., Inc.*, 369 Mass. 387, 391, 340 N.E.2d 484, 486 (1975); *Silvia v. Building Inspector of W. Bridgewater*, 35 Mass.App.Ct. 451, 455, 621 N.E.2d 686, 688, *further app. rev. denied*, 416 Mass. 1109, 630 N.E.2d 603 (1993).

Ulterior Purpose—Legal Expenses

The fact that a party will have to spend time and money to defend a legal action does not prove

an ulterior purpose for filing the legal action.

*Broadway Management Servs., Ltd. v. Cullinet Software, Inc.,* 652 F.Supp. 1501, 1503–04
(D.Mass. 1987).

### Ulterior Purpose—Groundless Claim

Mere commencement of litigation to enforce a claim that the person commencing the litigation knows or reasonably should have known to be groundless does not constitute legal abuse of process without proof of any ulterior purpose.

See *Beecy v. Pucciarelli,* 387 Mass. 589, 441 N.E.2d 1035 (1983); *Bednarz v. Bednarz,* 27 Mass.App.Ct. 668, 673–74, 542 N.E.2d 300, 303 (1989).

Proof of groundlessness of an action is not an essential element of a claim for abuse of process; however, that the person commencing the litigation knew or had reason to know that [his] claim was groundless is relevant as tending to show that the process was used for an ulterior purpose.

See *Fishman v. Brooks,* 396 Mass. 643, 487 N.E.2d 1377 (1986).

*Damages*

The plaintiff must show that damage occurred as the natural and probable consequence of the process initiated by the defendant. If there were no damages, then the plaintiff does not have a claim, even if the process was for an ulterior motive.

*Ledgehill Homes, Inc. v. Chaitman,* 348 Mass. 777, 202 N.E.2d 920 (1964); *Quaranto v. Silverman,* 345 Mass. 423, 427, 187 N.E.2d 859, 862 (1963); *Swartz v. Brockton Sav. Bank,* 318 Mass. 66, 69, 60 N.E.2d 362, 363 (1945); *Madan v. Royal Indem. Co.,* 26 Mass.App.Ct. 756, 532 N.E.2d 1214, *further app. rev. denied,* 404 Mass. 1103, 536 N.E.2d 1093 (1989).

You may consider damages to compensate the plaintiff for injury to business, reputation, and feelings.

*Malone v. Belcher*, 216 Mass. 209, 212, 103 N.E. 637, 638 (1913).

## COUNT VI – INTENTIONAL OR RECKLESS INFLICTION OF EMOTIONAL DISTRESS

*Elements in General*

In this case, the plaintiff is claiming that the defendants, Robinson, Rice and/or Gordon, intentionally or recklessly caused infliction of emotional distress when they took her into custody.  In order to recover, the plaintiff must prove by a preponderance of the evidence that:

1. each individual defendant intended to inflict emotional distress or that each individual defendant, knew or should have known that emotional distress was likely to result from [his/their] conduct;

2. each individual defendant conduct was extreme and outrageous, was beyond all possible bounds of decency and was utterly intolerable in a civilized community;

3. each individual defendant conduct caused the plaintiff's emotional distress, and

4. the emotional distress suffered was severe and of a nature that no reasonable person could be expected to endure it.

*Tetrault v. Mahoney, Hawkes & Goldings*, 425 Mass. 456, 465–66, 681 N.E.2d 1189, 1196–97 (1997); *Foley v. Polaroid Corp.,* 400 Mass. 82, 99–100, 508 N.E.2d 72, 82 (1987); *Agis v. Howard Johnson Co.*, 371 Mass. 140, 144–45, 355 N.E.2d 315, 318–19 (1976); *Cady v. Marcella*, 49 Mass.App.Ct. 334, 340-41, 729 N.E.2d 1125, 1131 (2000); *Brown v. Nutter, McClennen & Fish*, 45 Mass.App.Ct. 212, 218, 696 N.E.2d 953, 957 (1998); *Conway v. Smerling*, 37 Mass.App.Ct. 1, 8, 635 N.E.2d 268, 273 (1994).

Intent

In order to prove intentional infliction of severe emotional distress, the plaintiff must prove that each individual defendant acted either with the desire or knowledge that emotional distress would result from [his/her] conduct or that [he/she] should have known that [his] conduct would cause the plaintiff to suffer emotional distress.

*Tetrault v. Mahoney, Hawkes & Goldings*, 425 Mass. 456, 465–66, 681 N.E.2d 1189, 1196–97 (1997); *Simon v. Solomon,* 385 Mass. 91, 96–97, 431 N.E.2d 556, 562 (1988); *Agis v. Howard Johnson Co.*, 371 Mass. 140, 144–45, 355 N.E.2d 315, 318 (1976); *George v. Jordan Marsh Co.*, 359 Mass. 244, 255, 268 N.E.2d 915, 921 (1971).

Extreme and Outrageous Conduct

"Extreme and outrageous" conduct is more than just workaday insults, hurt feelings from bad manners, annoyances, or petty oppressions. "Outrageousness" means a high order of recklessness, ruthlessness or deliberate malevolence.

*Tetrault v. Mahoney, Hawkes & Goldings*, 425 Mass. 456, 465–66, 681 N.E.2d 1189, 1196–97 (1997); *Foley v. Polaroid Corp.*, 400 Mass. 82, 99–100, 508 N.E.2d 72, 82 (1987); *Boyle v. Wenk*, 378 Mass. 592, 595, 392 N.E.2d 1053, 1055–56 (1979); *Agis v. Howard Johnson Co.*, 371 Mass. 140, 144–45, 355 N.E.2d 315, 319 (1976); *Conway v. Smerling*, 37 Mass.App.Ct. 1, 8–9, 635 N.E.2d 268, 273 (1994).

What is extreme and outrageous is for you to consider, given all the facts. For instance, outrageous behavior may be found by a repeated series of incidents, even if those incidents, when taken individually, might not be sufficiently extreme. Also, conduct otherwise reasonable may give rise to liability when it is directed at a person known to the defendant to be particularly susceptible to emotional distress because of some physical or emotional vulnerability.

reasonable expectation of proving at trial that the funeral home's communications and conduct in providing funeral services for their stillborn child were extreme and outrageous); *Brown v. Nutter, McClennen & Fish*, 45 Mass.App.Ct. 212, 218–19, 696 N.E.2d 953, 957–58 (1998) (legal secretary's allegations that her longtime supervisor had caused her to engage in illegal conduct for his own benefit and had continued to contact her despite her requests that he stop created a triable issue); *Boyle v. Wenk*, 378 Mass. 592, 595–96, 392 N.E.2d 1053, 1055–56 (1979); *George v. Jordan Marsh Co.*, 359 Mass. 244, 254–55, 268 N.E.2d 915, 921 (1971); *see also Simon v. Solomon*, 385 Mass. 91, 96–97, 431 N.E.2d 556, 561–62 (1982).

*Damages*

If you find that the plaintiff has satisfied each and every element of [his/her] claim for intentional

infliction of emotional distress, you must consider the issue of damages. The rule of damages is a

practical instrumentality for the administration of justice. Its object is to afford the equivalent in

money for the actual loss caused by the wrong of another. You must consider what amount of

money would be full, fair and reasonable based on all the evidence. The amount of damages

should be based on just and reasonable inferences, even though there may be an element of

uncertainty in your determination.

*Rombola v. Cosindas,* 351 Mass. 382, 385, 220 N.E.2d 919, 922 (1966); *Agoos Leather Co. Inc. v. American & Foreign Ins. Co.*, 342 Mass. 603, 608, 174 N.E.2d 652, 655 (1962); *Daniels v. Celeste*, 303 Mass. 148, 150, 21 N.E.2d 1, 2 (1939); *Sullivan v. Old Colony St. Ry. Co.*, 197 Mass. 512, 516, 83 N.E. 1091, 1092 (1908).

## COUNT VII - UNCONSTITUTIONAL POLICY OR CUSTOM/GROSS NEGLIGENCE

The plaintiff has alleged that defendant, Chief of Police David McCarthy, while acting in his official capacity as the Chief, failed to adequately train or supervise the co-defendants.

In order to hold the defendant supervisor liable, the plaintiff must prove that Chief McCarthy's conduct or inaction amounted to a reckless or callous indifference to the constitutional rights of the plaintiff and that there was an affirmative link between the conduct of the other defendants and the defendant's conduct or inaction.

*Febus-Rodriguez v. Betancourt-Lebron*, 14 F.3d 87, 91–92 & n.4 (1st Cir. 1994); *Gutierrez-Rodriguez v. Cartagena,* 882 F.2d 553, 562 (1st Cir. 1989). *See also Camilo-Robles v. Zapata,* 175 F.3d 41, 43–44 (1st Cir. 1999).

415296