## SUPERVISORY LIABILITY

If you have already found that Officers Robinson, Gordon and Rice had probable cause to arrest the plaintiff and used reasonable force in doing so, then there has been no unconstitutional seizure and, as a matter of law, there can be no supervisory liability. If, on the other hand, you found that the plaintiff's Fourth Amendment right was violated, you must go on to determine if Chief McCarthy is liable in his supervisory capacity.

*Febus-Rodriguez v. Betancourt-Lebron*, 14 F.3d 87, 91-92 & n.4 (1st Cir. 1994); *Gutierrez-Rodriguez v. Cartagena*, 882 F.2d 553, 562 (1st Cir. 1989). *See also Camilo-Robles v. Zapata*, 175 F.3d 41, 43-44 (1st Cir. 1999).

Inadequate training of subordinates may form the basis for a § 1983 claim against a superior officer, such as Chief McCarthy.

*City of Canton v. Harris*, 489 U.S. 378, 388-389 (1989); *Kibbe v. Springfield*, 777 F.2d 801, 807 (1st Cir. 1985), *cert. dismissed*, 480 U.S. 257 (1987).

You may consider the extent of Chief McCarthy's knowledge of Officers Robinson, Gordon and Rice's past history with protective custody seizure and the Greenfield Police Department's history generally of arrest and the use of force in determining whether the Chief acted with deliberate indifference in failing to adequately train Officers Robinson, Gordon and Rice.

You may also consider the known history of the Greenfield Police Department generally with respect to unlawful seizures to determine a causal link. That is, was the supervisor on notice and did he fail to take a corrective action by better training or closer oversight?

An isolated instance of unconstitutional activity is ordinarily insufficient to establish a superior's policy or custom or to otherwise show deliberate indifference. *Id.*

*Camilo-Robles v. Zapata*, 175 F.3d 41, 46 (1st Cir. 1999).

*Maldonado-Denis v. Castillo-Rodriguez*, 23 F.3d 576, 582 (1st Cir. 1994).

415296

*Oklahoma City v. Tuttle,* 471 U.S. 808, 823-824 (1985); *Rodriguez v. Furtado,* 950 F.2d 805, 813 (1st Cir. 1991).

*Febus-Rodriguez v. Betancourt-Lebron*, 14 F.3d 87, 91 (1st Cir. 1994).

415296

## COUNT VII – NEGLIGENCE / MASSACHUSETTS TORT CLAIM

In this case the plaintiff also claims that Officers Robinson, Gordon, Rice and Chief McCarthy were negligent.

In order to recover for negligence, the plaintiff has the burden of proving by a preponderance of the evidence the following four elements:

First, the plaintiff must prove that the defendants owed her a duty of care.

Second, the plaintiff must prove that the defendants breached that duty of care Third, the plaintiff must prove that she suffered injury or harm.

Fourth, the plaintiff must prove that the defendants breach of duty was a cause of the plaintiff's injury or harm.

*O'Leary v. Jacob Miller Co.*, 19 Mass. App. Ct. 947, 948, 473 N.E.2d 200, 201 (1985) (rescript).

*Irwin v. Town of Ware*, 392 Mass. 745, 764, 467 N.E.2d 1292, 1305 (1984); *Goldstein v. Gontarz*, 364 Mass. 800, 804, 309 N.E.2d 196, 199-200 (1974).

415296

The first element the plaintiff must prove by a preponderance of the evidence is that a duty was owed to her by the defendants.

*Carrier v. Riddell, Inc.*, 721 F.2d 867, 868 (1st Cir. 1983); W. Prosser, *Handbook of the Law of Torts,* § 37 at 206 (4th ed. 1971); *Fed. Express Corp. v. State Dep't of Transp.*, 664 F.2d 830, 835 (1st Cir. 1981).

415296

The law defines negligence as the failure of a person to exercise that degree of care which a reasonable person would exercise in the circumstances.

Negligence is doing something that a reasonably prudent person in the ordinary course of human events would not do, or failing to do something that a reasonable person of ordinary prudence would do.

The classic definition of negligence is this: Negligence is the failure of a responsible person, either by omission or by action, to exercise that degree of care, diligence, and forethought which, in the discharge of the duty then resting on her, the person of ordinary caution and prudence ought to exercise under the particular circumstances. It is a want of diligence commensurate with the requirement of the duty at the moment imposed by the law.

Negligence is the performance or the omission of some act in violation of a legal duty.

Ordinarily, where a duty of care is established by law, the standard by which a party's performance is measured is the conduct expected of a reasonably prudent person in similar circumstances. The standard is not established by the most prudent person conceivable, nor by the least prudent, but by the person who is thought to be ordinarily prudent. The same standard is frequently expressed in terms of "reasonable care."

*Morgan v. Lalumiere,* 22 Mass.App.Ct. 262, 267, 493 N.E.2d 206, 210, *review denied,* 398 Mass. 1103, 497 N.E.2d 1096 (1986) (instruction on negligence must refer to reasonable person standard and to attendant circumstances).

*Massachusetts Lobstermen's Assoc., Inc. v. United States,* 554 F.Supp. 740, 742 (D.Mass. 1982). *Altman v. Aronson,* 231 Mass. 588, 591, 121 N.E. 505, 506 (1919); *Beaver v. Costin,* 352 Mass. 624, 626, 227 N.E.2d 344, 345–46 (1967). *Goldstein v. Gontarz,* 364 Mass. 800, 805, 309 N.E.2d 196, 200 (1974).

415296

The second element which the plaintiff must prove by a preponderance of the evidence is that the defendants did not exercise the required amount of care under the circumstances, that the defendants breached their duty of care, or, in other words, were negligent.

Since there is a duty to exercise reasonable care, the plaintiff must prove by a preponderance of the evidence that the defendants Officers Robinson, Gordon, and Rice failed to exercise the required amount of care in arresting plaintiff and that Chief McCarthy failed to exercise the required amount of care in training Officers Robinson, Gordon, and Rice in the law of arrest.

The standard of care in negligence cases is how a person of reasonable prudence would act in similar circumstances.

*Brown v. Kendall*, 60 Mass. (6 Cush.) 292 (1850), *Perry v. Medeiros*, 369 Mass. 836, 343 N.E.2d 859 (1976).

*Kane v. Fields Corner Grille*, 341 Mass. 640, 642, 171 N.E.2d 287, 289–90 (1961). *Goldstein v. Gontarz*, 364 Mass. 800, 805, 309 N.E.2d 196, 200 (1974); *Adams v. Dunton*, 284 Mass. 63, 66–67, 187 N.E. 90, 91–92 (1933); *Clough v. New England Tel. & Tel. Co.*, 342 Mass. 31, 35, 172 N.E.2d 113, 115 (1961); *Gelinas v. New England Power Co.*, 359 Mass. 119, 124, 268 N.E.2d 336, 339 (1971); Restatement (Second) of Torts § 298 cmt. b (1965).

415296

The amount of care that the prudent person would exercise varies with the circumstances, the care increasing with the likelihood and severity of the harm threatened.

Therefore, based on the facts you find from the evidence submitted in this case, you are to determine how a person of reasonable prudence would act in these circumstances.

*Goldstein v. Gontarz*, 364 Mass. 800, 805–06, 309 N.E.2d 200, 201 (1974). *Kane v. Fields Corner Grille*, 341 Mass. 640, 643, 171 N.E.2d 287, 289–90 (1961). *See also Hallett v. Town of Wrentham*, 398 Mass. 550, 558–59, 499 N.E.2d 1189, 1194 (1986) (citing *LaClair v. Siberline Mfg. Co.*, 379 Mass. 21, 27, 393 N.E.2d 867, 871 (1979)). *See also* Restatement (Second) of Torts §§ 283, 298 (1965).

Your determination of how a prudent person should act in these circumstances will form the basis of what is reasonable care under the facts of this case. I instruct you that you are only to consider the evidence in this case regarding how Officers Robinson, Gordon, and Rice acted in arresting the plaintiff and how Chief McCarthy trained Officers Robinson, Gordon, and Rice with respect to the arrest issue.

After making this determination, you are to compare the standard of reasonable care of a prudent person with the type of care exercised by these defendants. In determining whether or not these defendants acted with reasonable care, you are to consider not only whether it knew of the risks involved, but also whether it should have known of the risks.

The test is an objective one.

If you find that the defendants did exercise the amount of care which a prudent person would exercise under the same circumstances, namely, reasonable care, then you must find that the defendants did not breach its duty of reasonable care to the plaintiff, and your verdict will be for the defendants. If, however, you find that the defendants did not exercise the amount of care which a reasonably prudent person would have exercised under the same circumstances, then you must find that the defendants breached their duty of care to the plaintiff.

*Romano v. Massachusetts Port Auth.*, 3 Mass. App. Ct. 765, 330 N.E.2d 495 (1975) (rescript) and Restatement (Second) of Torts § 290 (1965).

If you decide that one or more of the defendants were negligent, you must then consider whether that defendants' negligent conduct caused [or worsened] the plaintiff's injuries. Even if you find that one or more of the defendants was or were negligent, he or they is not liable to the plaintiff unless his negligence caused the plaintiff's harm. To meet her burden, the plaintiff need only show that there was greater likelihood or probability that the harm complained of was due to causes for which the defendant was responsible than from any other cause.

A defendant's conduct was the legal cause of the plaintiff's injury if it was a substantial factor in bringing it about [and without which the harm would not have occurred. In other words, if the harm would have occurred anyway, the defendant is not liable.

It does not matter whether other concurrent causes contributed to the plaintiff's injuries so long as you find that a defendant's conduct was a substantial factor. "Substantial" is used here in its ordinary sense which requires no further elaboration.

Furthermore, to establish causation, the plaintiff must show that the harm was reasonably foreseeable to a person in the defendant's position at the time of the defendant's negligence. The plaintiff does not have to establish that the defendant Town foresaw, or should have foreseen, the exact manner in which the harm occurred; but she must show that this harm was a natural and probable consequence of the defendant's negligence.

What the plaintiff must show is that the harm was more likely due to the defendant's negligence than to some other cause.

*Simmons v. Monarch Mach. Tool Co.*, 413 Mass. 205, 212, 596 N.E.2d 318, 323 (1992) (liability attaches where defect enhances the injuries a person sustains in an otherwise foreseeable accident).
Restatement (Second) of Torts § 430 (1965).
*Mullins v. Pine Manor Coll.*, 389 Mass. 47, 58, 449 N.E.2d 331, 338–39 (1983) (citing *McLaughlin v. Bernstein*, 356 Mass. 219, 226, 249 N.E.2d 17, 22 (1969)).

The plaintiff also has the burden of proving by the preponderance of the evidence that the defendant's negligence substantially contributed to causing the plaintiff's injury. The plaintiff does not have to prove that the defendant's negligence was the only or predominant cause of the injury. If two or more factors, which operated concurrently, contributed to the plaintiff's injury, so that in effect the damages suffered were inseparable, then it is enough for the plaintiff to prove that the defendant's negligence was a substantial contributing factor in causing the injury.

By "substantial" I mean that the defendant's contribution to the harmful result, i.e., the defendant Town's negligence, was not an insignificant factor. The defendant's negligence must contribute significantly to the result; it must be a material and important ingredient in causing the harm. If the defendant's negligence was a substantial factor, then it is considered a legal cause of the plaintiff's injury, and the plaintiff is entitled to recover. If it was not a substantial factor, if the negligence was only slight, insignificant, or tangential to causing the harm, then even though you may have found the defendant negligent, he cannot be held liable to pay damages to the plaintiff on this claim.

See *O'Connor v. Raymark Indus., Inc.*, 401 Mass. 586, 591–92, 518 N.E.2d 510, 512–13 (1988) (asbestos case).

*O'Connor v. Raymark Indus., Inc.*, 401 Mass. at 592, 518 N.E.2d at 513.

415296

A defendant is liable for those injuries that are a reasonably foreseeable consequence of his or her negligence. When we say that something is foreseeable, we mean that it is a probable and predictable consequence of the defendant's negligent acts or omissions. Thus, if the defendant should have realized that its conduct might cause harm to a person in the plaintiff's position in substantially the manner in which it was brought about, the injury is regarded as the legal consequence of the defendant's negligence.

*Jorgensen v. Massachusetts Port Auth.*, 905 F.2d 515 (1st Cir. 1990); *Wiska v. St. Stanislaus Social Club, Inc.*, 7 Mass. App. Ct. 813, 390 N.E.2d 1133 (1979).

*See Kline v. 1500 Massachusetts Ave. Apartment Corp.*, 439 F.2d 477, 483 (D.C. Cir. 1970).

Restatement (Second) of Torts § 435 cmt. a & b (1965); *Rae v. Air-Speed, Inc.*, 386 Mass. 187, 193, 435 N.E.2d 628 (1982).

As a defense to this action, the defendants are claiming that the plaintiff herself was negligent and that the plaintiff's own negligence caused her injuries. We have a law in Massachusetts called the "comparative negligence statute" that requires you, the jury, to compare the negligence, if any, of the defendant Town to the negligence, if any, of the plaintiff.

Unlike the previous elements where the plaintiff has the burden of proof, as to this issue, the defendants have the burden of proving by a preponderance of the evidence that the plaintiff was negligent and that this negligence contributed to cause the plaintiff's injuries.

When you are determining whether the plaintiff was negligent, remember the instructions on causation. The plaintiff's negligence must have contributed to the cause of her injury for this comparative negligence analysis to apply.

A plaintiff's negligence causally contributes to her injury if she ought to have foreseen that her conduct in connection with other causes would be likely to produce an accident. If you are convinced by a preponderance of the evidence that the plaintiff was negligent, you are to compare that negligence to the negligence of the defendants, if any. To accomplish this comparison, determine the percentage that the plaintiff was negligent and the percentage that each defendant was negligent. The combined total of the negligence of the plaintiff and all the defendants must equal 100 percent. If the negligence of the plaintiff is greater than the combined negligence of the defendants, the plaintiff will not be entitled to recover any damages.

If the negligence of the plaintiff is equal to or less than the negligence of all the defendants combined, the plaintiff's damages will be diminished by the percentage of her own negligence. If the negligence of the plaintiff is less than 50 percent, the amount you determine to be the plaintiff's damages will be reduced by that percentile by the clerk. For example, if you determine that the plaintiff was 20 percent negligent and that the combined negligence of all

415296

defendants was 80 percent, the amount of the plaintiff's total damages will be reduced by 20 percent by the clerk. You should write in the full amount of the damages without making any deduction for comparative negligence, keeping in mind that the clerk will make any such deduction after you render your verdict.

Where more than one defendant is being sued, the jury is to compare the negligence of the plaintiff against the total negligence of all concurrent tortfeasors combined. G.L. c. 231, § 85; cf. *Riley v. Davison Constr. Co.*, 381 Mass. 432, 409 N.E.2d 1279 (1980).

*Morgan v. Lalumiere*, 22 Mass.App.Ct. 262, 265, 493 N.E.2d 206, 208–09, *review denied*, 398 Mass. 1103, 497 N.E.2d 1096 (1986); G.L. c. 231, § 85. The defense of assumption of the risk was abolished under 1973 Mass. Acts 1123, G.L. c. 231, § 85.

Comparative negligence is not applicable to breach of warranty claims or where the defendant's conduct is willful or wanton. *Lane v. Meserve*, 20 Mass.App.Ct. 659, 663–64 & n.6, 482 N.E.2d 530, 532–33 & n.6 (1985).

*Correia v. Firestone Tire & Rubber Co.*, 388 Mass. 342, 356, 446 N.E.2d 1033, 1040 (1983).

While G.L. c. 231, § 85 (1973 Mass. Acts 1123) reinstated the plaintiff's "presumption of due care," the Massachusetts higher courts do not favor use of that language in an instruction.

It is within the discretion of the judge to inform the jury that a finding of greater negligence of the plaintiff means a verdict for the defendant. However, where "the jurors ask questions as to the effect of their answers to special questions and a party requests that the judge inform the jurors as to the effects of their answers, the judge must do so." *Dilaveris v. Rich*, 424 Mass. 9, 15, 673 N.E.2d 562, 566 (1996).

415296

The fourth element the plaintiff must prove is damages. You will only reach the issue of damages if you find that the defendant was negligent and that the defendant's negligence caused injury to the plaintiff.

As with all the other elements, the plaintiff bears the burden of proving her damages by a fair preponderance of the evidence.

The purpose of the law in awarding damages is to compensate an injured person for the losses incurred because of another person's negligent conduct.

The object is to try to restore the person to the position she would have been in had the wrong not occurred. The purpose is not to reward the plaintiff and not to punish the defendant. Damages are to be awarded to the plaintiff as a fair and reasonable compensation for the legal wrong done to her by the defendant.

You must put aside your personal feelings during your deliberations and decide this case as the evidence and law dictate.

There is no special formula under the law to assess the plaintiff's damage. It is your obligation to assess what is fair, adequate, and just. You must use your wisdom and judgment and your sense of basic justice to translate into dollars the amount which will fairly and reasonably compensate the plaintiff for her injuries. You must be guided by your common sense and your conscience.

In determining the amount of damages which the plaintiff is entitled to recover, there are certain areas which you should take into consideration.

W. P. Keeton, *Prosser and Keeton on Torts* § 54, at 359–67 (5th ed. 1984).

*Sullivan v. Old Colony St. Ry.*, 200 Mass. 303, 308, 86 N.E. 511, 511 (1908).

*Roy v. Volkswagen of Am., Inc.*, 896 F.2d 1174 (9th Cir. 1990); *see also Edwards v. Sears, Roebuck & Co.*, 512 F.2d 276 (5th Cir. 1975).

The first area is pain and suffering. Pain and suffering are of two types: physical pain and suffering, and mental pain and suffering.

For physical pain and suffering, you are to consider the areas of the body, if any, in which you find the plaintiff physically injured. You are to take into account the past pain and suffering endured by the plaintiff since the date of the injuries, the present pain and suffering caused by the injuries, and any future pain and suffering which were proved with reasonable medical probability.

Mental pain and suffering includes any and all nervous shock, anxiety, embarrassment, or mental anguish resulting from the injury.

Also, you should take into account past, present, and probable future mental suffering.

Taking into consideration the nature of the injury, you are to determine what would be a fair and reasonable figure to compensate the plaintiff. You may consider the extent to which the plaintiff's injuries have caused her a loss of pleasures which she otherwise probably would have had in the form of work or play or family life or whatever.

To arrive at a monetary figure for the plaintiff's pain and suffering, you must use your own good sense, background, and experience in determining what would be a fair and reasonable figure to compensate for past, present, and future suffering such as you find has been proved by the evidence.

*Rodgers v. Boynton*, 315 Mass. 279, 280, 52 N.E.2d 576, 577 (1943).

P. Keeton, *Prosser and Keeton on Torts* § 54, at 359–66 (5th ed. 1984).

415296

The next area of damages which you are to consider is medical, hospital, and nursing expenses incurred by the plaintiff on account of her injuries.

The plaintiff is entitled to be compensated for those expenses which were reasonable in amount and which were reasonably necessary. Therefore, you must determine whether the expense was reasonably related to the treatment and care of the plaintiff, and whether the charge itself was reasonable.

You may also consider and allow the plaintiff a fair, reasonable sum for damages that reasonably are to be expected in the future as a result of the accident.

The plaintiff is entitled to recover for whatever expenses she proves are reasonably required to diagnose and treat any condition brought on by the accident or the resulting injuries. The plaintiff is entitled to recover for the reasonable costs of cure, alleviation of suffering or limitation, and control of disability related to the accident.

*Rodgers v. Boynton*, 315 Mass. 279, 280, 52 N.E.2d 576, 572 (1943).

*Griffin v. Gen. Motors Corp.*, 380 Mass. 362, 366, 403 N.E.2d 402, 405 (1980); *Cross v. Sharaffa*, 281 Mass. 329, 331–32, 183 N.E. 838, 838–39 (1933); *Doherty v. Ruiz*, 302 Mass. 145, 147, 18 N.E.2d 542, 543 (1939).

415296

The third area of damages for your consideration is loss of earning capacity.

Whether we are employed, are retired, or never have worked in our lives, each of us has the ability to earn money, which is called an earning capacity. The ability, the capacity to earn money, varies from individual to individual depending upon a number of factors. Such factors may include evidence of earnings before and after the injury, occupation, education, capacity, training, experience, health, habits, talents that a person has, skills that a person has, intelligence and industry.

If someone hurts us so that we cannot exercise that ability for whatever length of time and that earning capacity is affected, then that is an area or element of damage to be considered by you. [Even when a person does not lose wages because her pay is continued by her employer as a gratuity or as compensation for disability, this person may nevertheless recover damages for impairment of earning capacity.]

"[And,] a person may have an earning capacity in excess of the wages paid him or her in the job that he [or she] happens to have at the time of the injury."

Evidence of wages paid is but one factor in your determination of diminution of earning capacity. Bear in mind that it is the diminution in earning capacity of this plaintiff herself, and not some standard of a normal person in her position, that furnishes the test.

Therefore, you may consider evidence of what the plaintiff did until her injuries what the plaintiff's interests were, what the plaintiff's training and experience had been, what the plaintiff's talents were, and generally what she was like in order to help determine her capacity to earn since the accident and into the future. You may not take into account anything that is merely possible, speculative, or imaginative. Rather, your award must be based on reasonable probability and can be made on the basis of your collective common knowledge.

If the plaintiff had the ability to earn money before the accident and you find there was a period of time after she was wrongfully placed into protective custody that, by reason of the injury caused by the defendant, she was unable to exercise the necessary body or mental function to earn money, then that is an area which she is entitled to have you consider.

*Griffin v. Gen. Motors Corp.*, 380 Mass. 362, 366, 403 N.E.2d 402, 405 (1980); *Doherty v. Ruiz*, 302 Mass. 145, 147, 18 N.E.2d 542, 543 (1939).

*Doherty v. Ruiz*, 302 Mass. 145, 147, 18 N.E.2d 542, 543 (1939).

Once you have calculated each of these areas of damages, pain and suffering, past medical expenses, any future medical expenses, past diminution of earning capacity, and [any] future diminution of earning capacity, you should add up each of these damages to arrive at the total award. There must not be any overlapping of the various elements constituting the damages. The total sum must be fair compensation for the entire injury, no more and no less.

*Rodgers v. Boynton*, 315 Mass. 279, 281, 52 N.E.2d 576, 577 (1943).

RESPECTFULLY SUBMITTED
THE DEFENDANTS
DONALD S. ROBINSON, Individually and in His Official Capacity as a Police Officer for the Town of Greenfield Police Department
WILLIAM GORDON, Individually and in His Official Capacity as a Police Officer for the Town of Greenfield Police Department
DAVID W. RICE, Individually and in His Official Capacity as a Police Officer for the Town of Greenfield Police Department
DAVID McCARTHY, in His Official Capacity as Chief of Police for the Town of Greenfield Police Department

By____/s/ Jeffrey L. McCormick_____
Jeffrey L. McCormick, Esq.

415296

Robinson Donovan, P.C.
1500 Main Street, Suite 1600
Springfield, MA 01115
Phone (413)732-2301   Fax (413)785-4658
BBO No.: 329740

415296